## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **ARTEMIO ALVAREZ BARRON, CARLOS ERNESTO PEREYRA VIDANA, MIGUEL MARTINEZ LILLALOBOS, JESUS LAMBERTO REMIREZ LOPES, CARLOS ALFREDO RAMIREZ FERNANDEZ, DANIEL VALENZUELA CHAVES, and others similarly situated,** | **CIVIL ACTION NO. 6:21-CV-03741** |
| | **JUDGE ROBERT T. SUMMERHAYS** |
| | **MAGISTRATE JUDGE PATRICK J. HANNA** |
| **VERSUS** | |
| **STERLING SUGARS SALES CORPORATION** | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, Sterling Sugars Sales Corporation, which files the following Answer and Affirmative Defenses in response to the allegations set forth in the Complaint ("Complaint") filed by Plaintiffs, Artemio Alvarez Barron, Carlos Ernesto Pereyra Vidana, Miguel Martinez Villalobos, Jesus Lamberto Ramirez Lopez, Carlos Alfredo Ramirez Fernandez, and Daniel Valenzuela Chavez ("Plaintiffs"). Defendant denies each and every allegation set forth in the Complaint, except those which are herein expressly admitted and further represents that:

1.     To the extent those allegations in Paragraph 1 allege Plaintiffs are six migrant workers who were at some point employed by Defendant pursuant to the federal H-2A program, those allegations are admitted. The remaining factual allegations in Paragraph 1 are denied. Paragraph 1 likewise sets out legal conclusions, to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 1 are denied.

2.      The factual allegations set out in Paragraph 2 are denied as written.  The remaining allegations set out legal conclusions, to which no response is required. The laws and regulations governing the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), the Louisiana Wage Payment Law, Louisiana Revised Statutes 23:631, *et seq.*, the law of contracts, La. Civ. Code art. 1906, *et seq*, and unjust enrichment, La. Civ. Code art. 2298, speak for themselves, and Defendant denies those allegations in this Paragraph to the extent that they misstate these laws, regulations, and statutes.

3.      To the extent those allegations in Paragraph 3 identify Plaintiffs as the parties brining this lawsuit, this allegation in Paragraph 3 is admitted.  The remaining factual assertions Paragraph 3 set out legal conclusions, to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 3 are denied.

4.      To the extent those allegations in Paragraph 4 describe the types of claims Plaintiffs attempt to allege herein, the allegation is admitted.  Defendant denies Plaintiffs have stated a viable claim for any of the asserted causes of action and deny that Plaintiffs are otherwise entitled to relief.

## JURISDICTION

5.      The allegations of Paragraph 5 set out legal conclusions to which no response is required. The laws and regulations governing this Court's jurisdiction speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.  To the extent Paragraph 5 alleges this Court has jurisdiction over Plaintiffs' claims because Plaintiffs attempt to assert claims pursuant to the FLSA, Paragraph 5 is admitted.

6.     The allegations of Paragraph 6 set out legal conclusions to which no response is required.  The laws governing 28 U.S.C. §§2201 and 2202 speak for themselves, and Defendant denies those allegations in this Paragraph to the extent that they misstate these laws, regulations, and statutes.  Defendant specifically denies Plaintiffs are entitled to any relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7.     To the extent Paragraph 7 alleges Defendant "resides" in this district, this allegation is denied as written.  To the extent Paragraph 7 alleges Defendant conducts business operations within St. Mary Parish, Louisiana, this allegation is admitted. The remaining allegations of Paragraph 7 set out legal conclusions to which no response is required. The laws and regulations governing 28 U.S.C. §§1391(b) and (c) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

## PARTIES

8.     To the extent Paragraph 8 alleges Plaintiffs are monolingual speakers of Spanish, Defendant lacks information or knowledge sufficient to form a belief as to the validity of this allegation, and therefore deny the allegations regarding the same. The remaining allegations set forth in Paragraph 8 are denied as written.

9.     Those allegations in the first sentence of Paragraph 9 are denied as written; Sterling admits only that it is a Louisiana corporation that operates its facility in Franklin, Louisiana.  With respect to those allegations in the second sentence of Paragraph 9, Sterling admits only that it was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A); the remaining allegations in the second sentence of

Paragraph 9 are denied, as written.  The remaining allegations in Paragraph 9 are denied, as written.

10.   The allegations of Paragraph 10 set out legal conclusions to which no response is required.  The laws governing 29 U.S.C. §203(g) and 20 C.F.R. § 655.103(b) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

**BACKGROUND**

**The Federal H-2A Visa Program**

11.   The allegations of Paragraph 11 set out legal conclusions to which no response is required.  The laws governing 8 U.S.C. § 1188, and 20 C.F.R. §§ 655.100 to 655.185 and 29 C.F.R. §§ 501.0 to 501.47 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

12.   The allegations of Paragraph 12 set out legal conclusions to which no response is required.  The laws governing 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188(a)(1), and 20 C.F.R. § 655.100 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

13.   The allegations of Paragraph 13 set out legal conclusions to which no response is required.  The laws governing 20 C.F.R. § 655.130, 20 C.F.R. § 655.121(a)(1), and 1188(a)(1), and 20 C.F.R. § 653.501(c)(3)(viii) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

14.     The allegations of Paragraph 14 set out legal conclusions to which no response is required.   The laws governing 20 C.F.R. §§ 655.120, 655.122,  and 20 C.F.R. § 655.120 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.  To the extent Paragraph 14 alleges that in the 2018, 2019, and 2020 seasons the so-called "prevailing wage" for an agricultural equipment operator in Louisiana under the H-2A program was $10.73 per hour in 2018, $11.33 per hour in 2019, and $11.83 per hour in 2020, the allegations are denied to the extent that they are inconsistent with the rates applicable to the particular timeframes, as those rates speak for themselves. The remaining allegations in this paragraph are denied.

## FACTS

### Defendant's Participation in the Federal H-2A Visa Program

15.     The temporary employment certification applications Defendant filed in 2018, 2019, 2020, and 2021 speak for themselves, Defendant denies those allegations in this paragraph to the extent that they misstate the contents of those applications.  The remaining allegations in Paragraph 15 are denied as written.

16.     The allegations of Paragraph 16 set out legal conclusions to which no response is required.  The laws governing 20 C.F.R. § 653.501(c)(3)(viii) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.   The temporary employment certification applications Defendant filed in 2018, 2019, 2020, and 2021 speak for themselves, Defendant denies those allegations in this paragraph to the extent that they misstate the contents of those applications.

17.     The temporary employment certification application Defendant filed in 2018 speaks
        for itself, and Defendant denies those allegations in this paragraph to the extent that
        they misstate the contents of that application.   The clearance order that allegedly
        issued to Defendant in 2018 likewise speaks for itself, and Defendant denies those
        allegations in this paragraph to the extent that they misstate the contents of that
        application.

18.     The temporary employment certification application Defendant filed in 2019 speaks
        for itself, and Defendant denies those allegations in this paragraph to the extent that
        they misstate the contents of that application.   The clearance order that allegedly
        issued to Defendant in 2019 likewise speaks for itself, and Defendant denies those
        allegations in this paragraph to the extent that they misstate the contents of that
        application.

19.     The temporary employment certification application Defendant filed in 2020 speaks
        for itself, and Defendant denies those allegations in this paragraph to the extent that
        they misstate the contents of that application.   The clearance order that allegedly
        issued to Defendant in 2020 likewise speaks for itself, and Defendant denies those
        allegations in this paragraph to the extent that they misstate the contents of that
        application.

20.     The temporary employment certification application Defendant filed in 2021 speaks
        for itself, and Defendant denies those allegations in this paragraph to the extent that
        they misstate the contents of that application.   The clearance order that allegedly
        issued to Defendant in 2021 likewise speaks for itself, and Defendant denies those

allegations in this paragraph to the extent that they misstate the contents of that application.

21.     The temporary employment certification application Defendant filed in 2018 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of that application.

22.     The temporary employment certification application Defendant filed in 2019 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of that application.

23.     The temporary employment certification application Defendant filed in 2020 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of that application.

24.     The temporary employment certification application Defendant filed in 2021 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of that application.

25.     To the extent Paragraph 25 alleges the DOL approved Defendant's applications for temporary labor, the allegation is admitted.  The remaining allegations in Paragraph 25 are denied as written.

26.     The temporary employment certification application Defendant filed in 2018 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of that application.  The remaining allegations in paragraph 26 are denied as written.

27.     The temporary employment certification application Defendant filed in 2019 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that

they misstate the contents of that application. The remaining allegations in Paragraph 27 are denied as written.

28.   The temporary employment certification application Defendant filed in 2020 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of that application. The remaining allegations in Paragraph 28 are denied as written.

29.   The temporary employment certification application Defendant filed in 2021 speaks for itself, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of that application. The remaining allegations in Paragraph 29 are denied as written.

30.   The temporary employment certification applications Defendant filed in 2018, 2019, 2020, and 2021 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of those applications.

31.   Appendixes A to the temporary employment certification applications Defendant filed in 2018, 2019, 2020, and 2021 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of those appendixes.

32.   Those allegations in Paragraph 32 are denied.

33.   Those allegations in Paragraph 33 are denied.

34.   To the extent Paragraph 34 alleges the declarations Defendants submitted with its temporary employment certification applications filed in 2018, 2019, 2020, and 2021 were made under oath, the allegation is admitted. The remaining allegations in Paragraph 34 are denied.

35.     Those allegations in Paragraph 35 are denied.

36.     The allegations of Paragraph 36 set out legal conclusions to which no response is required.  The laws governing 8 U.S.C. § 1101(a)(15)(H)(ii)(a) and 20 C.F.R. § 655.103(c) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

37.     The allegations of Paragraph 37 set out legal conclusions to which no response is required.  The laws governing 20 C.F.R. § 655.103(c)(1)(i)(D) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

38.     Those allegations in Paragraph 38 are legal conclusions to which no response is required.  To the extent a response is required, those allegations in Paragraph 38 are denied.

39.     Those allegations in Paragraph 39 are denied as written.

40.     The allegations of Paragraph 40 set out legal conclusions to which no response is required.  The laws governing 20 C.F.R. § 655.103(c) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

41.     The allegations of Paragraph 41 set out legal conclusions to which no response is required.  The laws governing 20 C.F.R. §§ 655.1, *et seq.* speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

42.     To the extent the allegations of Paragraph 42 set out legal conclusions, no response is required.  The laws governing 20 C.F.R. § 655.10 speak for themselves, and

Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes. To the extent Paragraph 42 alleges the "prevailing wage" in St. Mary Parish, Louisiana for heavy truck drivers was $20.42 per hour for work performed between July 2018 and June 2019, $19.52 per hour for work performed between July 2019 and June 2020, and $20.33 per hour for work performed between July 2020 and June 2021, those allegations in Paragraph 42 are denied.

43. The allegations of Paragraph 43 set out legal conclusions, no response is required. The laws governing 8 C.F.R. § 214.2(h)(6)(iii)(C), 20 C.F.R. § 655.15, 20 C.F.R. §§ 655.10(a), 655.18(b)(5), (6) and 655.20(a) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate these laws, regulations, and statutes.

44. The allegations of Paragraph 44 set out legal conclusions, no response is required. The laws governing the H-2A and H-2B programs, including the applicable wage rates for these distinct programs, speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the laws, regulations, and statutes governing these programs.

**Defendant's Recruitment and Hiring of Plaintiffs**

45. Those allegations in Paragraph 45 are denied as written.

46. Those allegations in Paragraph 46 are denied as written.

47. Those allegations in Paragraph 47 are denied as written.

48. To the extent Paragraph 48 alleges Plaintiff Artemio Alvarez Barrón was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2020 season on

September 24, 2020, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 48 are denied as written.

49.     To the extent Paragraph 49 alleges Plaintiff Carlos Ernesto Pereyra Vidaña was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2018 season on September 25, 2018, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 49 are denied as written.

50.     To the extent Paragraph 50 alleges Plaintiff Carlos Ernesto Pereyra Vidaña was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2019 season on October 1, 2019, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 50 are denied as written.

51.     To the extent Paragraph 51 alleges Plaintiff Carlos Ernesto Pereyra Vidaña was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2020 season on September 23, 2020, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 51 are denied as written.

52.     To the extent Paragraph 52 alleges Plaintiff Miguel Martinez Villalobos was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2018 season on September 25, 2018, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 52 are denied as written.

53.     To the extent Paragraph 53 alleges Plaintiff Miguel Martinez Villalobos was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2019 season on October 2, 2019, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 53 are denied as written.

54.     To the extent Paragraph 54 alleges Plaintiff Miguel Martinez Villalobos was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2020 season on September 10, 2020, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 54 are denied as written.

55.     To the extent Paragraph 55 alleges Plaintiff Jesus Lamberto Ramirez Lopez was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2020 season on September 17, 2020, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 55 are denied as written.

56.     To the extent Paragraph 56 alleges Plaintiff Carlos Alfredo Ramirez Fernandez was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2018 season on October 12, 2018, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 56 are denied as written.

57.     To the extent Paragraph 57 alleges Plaintiff Carlos Alfredo Ramirez Fernandez was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2020 season on September 17, 2020, Defendant denies all allegations inconsistent with the

H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 57 are denied as written.

58.   To the extent Paragraph 58 alleges Plaintiff Daniel Valenzuela Chavez was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2019 season on October 3, 2019, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 58 are denied as written.

59.   To the extent Paragraph 59 alleges Plaintiff Daniel Valenzuela Chavez was issued an H-2A visa to work for Sterling Sugars Sales Corporation for the 2020 season on September 17, 2020, Defendant denies all allegations inconsistent with the H-2A visa identified in this paragraph, which speaks for itself.  The remaining allegations in Paragraph 59 are denied as written.

<u>**Plaintiffs' Employment with Defendant**</u>

60.   The allegations of Paragraph 60 set out legal conclusions, to which no response is required.  The laws governing the FLSA speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the laws, regulations, and statutes governing these programs.

61.   Those allegations in Paragraph 61 are denied as written.

62.   Those allegations in Paragraph 62 are admitted.

63.   The allegations of Paragraph 63 set out legal conclusions, to which no response is required.  The laws governing the FLSA and the H-2A program speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the laws, regulations, and statutes governing these programs.

64.     Those allegations in Paragraph 64 are admitted.

65.     Those allegations in Paragraph 65 are admitted.

66.     Those allegations in Paragraph 66 are admitted.

67.     Those allegations in Paragraph 67 are admitted.

68.     Those allegations in Paragraph 68 are admitted.

69.     Those allegations in Paragraph 69 are admitted.

70.     Those allegations in Paragraph 70 are denied.

71.     Those allegations in Paragraph 71 are denied as written.

72.     Those allegations in Paragraph 72 are denied as written.

73.     Those allegations in Paragraph 73 are denied as written.

74.     Those allegations in Paragraph 74 are denied as written.

75.     The temporary employment certification applications Defendant filed in 2018, 2019,

        2020, and 2021 speak for themselves, and Defendant denies those allegations in this

        paragraph to the extent that they misstate the contents of those applications.   The

        remaining allegations in Paragraph 75 are denied as written.

76.     Those allegations in Paragraph 76 are admitted.

77.     Those allegations in Paragraph 77 are denied as written.

78.     Those allegations in Paragraph 78 are denied as written.

79.     Those allegations in Paragraph 79 are denied as written.

80.     Those allegations in Paragraph 80 are denied as written.

81.     Those allegations in Paragraph 81 are denied as written.

82.     The allegations of Paragraph 82 set out legal conclusions, to which no response is

        required.   To the extent any response is required, those allegations in Paragraph 82

are denied.   The laws governing 29 C.F.R. Part 782 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the laws, regulations, and statutes governing these programs.

### Collective Action Allegations

83.  To the extent those allegations in Paragraph 83 allege that Plaintiffs are attempting to bring a collective action claim against Defendant, these allegations in Paragraph 83 are admitted.   The remaining factual allegations in Paragraph 83 are denied. Defendant denies Plaintiffs have stated a viable collective action claim against Defendant.  Paragraph 83 likewise sets out legal conclusions, to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 83 are denied.

84.  Those allegations in Paragraph 84 are denied as written.

85.  Those allegations in Paragraph 85 are denied.

86.  To the extent those allegations in Paragraph 86 allege Plaintiffs are attempting to bring a collective action claim against Defendant, those allegations in Paragraph 86 are admitted.   The remaining factual allegations in Paragraph 86 are denied. Defendant denies Plaintiffs have stated a viable collective action claim against Defendant.  Paragraph 86 likewise sets out legal conclusions, to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 86 are denied.

## COUNT I

### FLSA OVERTIME WAGES
### (Collective Action)

87.    To the extent those allegations in Paragraph 87 allege Plaintiffs are attempting to bring a collective action claim against Defendant, those allegations in Paragraph 87 are admitted.   The remaining factual allegations in Paragraph 87 are denied. Defendant denies Plaintiffs have stated a viable collective action claim against Defendant.

88.    To the extent those allegations in Paragraph 88 allege Plaintiffs are attempting to bring a collective action claim against Defendant, those allegations in Paragraph 88 are admitted.   The remaining factual allegations in Paragraph 88 are denied. Defendant denies Plaintiffs have stated a viable collective action claim against Defendant.

89.    Those allegations in Paragraph 89 are denied.

90.    The allegations of Paragraph 90 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 90 are denied.  The laws governing the FLSA speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the laws, regulations, and statutes governing these programs.   The remaining factual allegations in this paragraph are denied.

91.    The allegations of Paragraph 91 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 91 are denied.  The laws governing the FLSA speak for themselves, and Defendant

denies those allegations in this paragraph to the extent that they misstate the laws, regulations, and statutes governing these programs.

## COUNT II

### BREACH OF EMPLOYMENT CONTRACT

92.   To the extent those allegations in Paragraph 92 allege Plaintiffs are attempting to bring a breach of contract claim under Louisiana law against Defendant, those allegations in Paragraph 92 are admitted.  The remaining allegations in Paragraph 92 are denied.  Defendant denies Plaintiffs have stated a viable breach of contract claim against Defendant.

93.   The allegations of Paragraph 93 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 93 are denied.  The laws governing 20 C.F.R. § 655.103(b) speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the laws, regulations, and statutes governing these programs.

94.   The allegations of Paragraph 94 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 94 are denied.

95.   The allegations of Paragraph 95 are denied as written.

96.   The clearance orders Defendant received in 2018, 2019, 2020, and 2021 speak for themselves, and Defendant denies those allegations in this paragraph to the extent that they misstate the contents of those clearance orders.  Defendant denies any remaining allegations in this paragraph.

97.   Those allegations in Paragraph 97 are denied.

98.     The allegations of Paragraph 98 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 98 are denied.

99.     The allegations of Paragraph 99 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 99 are denied.

100.    Those allegations in Paragraph 100 are denied.

**COUNT III**

**LOUISIANA WAGE PAYMENT ACT**

101.    To the extent those allegations in Paragraph 101 allege that Plaintiffs are attempting to bring a claim pursuant to the Louisiana Wage Payment Act, Louisiana Revised Statutes 23:631 and 23:632 ("LWPA"), the allegation is admitted.  The remaining allegations in Paragraph 101 are denied.  Defendant denies Plaintiffs have stated a viable LWPA claim against Defendant.

102.    Those allegations in Paragraph 102 are denied.

103.    Those allegations in Paragraph 103 are denied as written.  Moreover, Defendant specifically denies Plaintiffs' allegation that Defendant has not attempted to settle their claims and specifically objects to the inclusion of any allegation to the contrary, which directly violates Federal Rule of Evidence 408.  Accordingly, those allegations in Paragraph 103 related to alleged settlement negotiations should be stricken.

104.    The allegations of Paragraph 104 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 104 are denied.

## COUNT IV

## UNJUST ENRICHMENT

105.    To the extent those allegations in Paragraph 105 allege that Plaintiffs are attempting to bring a claim pursuant to La. Civ. Code art. 2298, these allegations are admitted. The remaining allegations in Paragraph 105 are denied. Defendant denies Plaintiffs have stated a viable claim pursuant to La. Civ. Code art. 2298 against Defendant.

106.    The allegations of Paragraph 106 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 106 are denied.

107.    The allegations of Paragraph 107 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 107 are denied.

108.    Those allegations in Paragraph 108 are denied.

109.    Those allegations in Paragraph 109 are denied.

110.    The allegations of Paragraph 110 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 110 are denied.

111.    The allegations of Paragraph 111 set out legal conclusions, to which no response is required.  To the extent any response is required, those allegations in Paragraph 111 are denied.

## PRAYER FOR RELIEF

Defendant denies Plaintiffs are entitled to any of the relief they seek in their prayer, paragraphs (a)-(j).

## AFFIRMATIVE DEFENSES

Defendant expressly reserves the right to file and assert any other defenses or assert further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established through discovery and/or by the evidence in this case.  Defendant further reserves its right to amend this Answer to assert such defenses upon the discovery of further information regarding Plaintiffs' claims. In asserting these Affirmative Defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for relief against Defendant, and Plaintiffs have failed to allege sufficient facts to fulfill the elements of the claims for which they seek relief, and have no right of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot prove the existence of a contract entitling them to recovery for the assertions made in their Complaint.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs can prove the existence of a contract as alleged in their Complaint, which is specifically denied, Plaintiffs cannot prove Defendant breached the terms of that contract or otherwise engaged in any unlawful conduct.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of impossibility and/or impracticability of fulfilling its alleged contractual agreement with Plaintiffs, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any alleged damages (which alleged damages are expressly denied), if any, because such damages are uncertain, contingent, and/or speculative.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of error, mistake, and/or failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that its liability (which liability is expressly denied), if any, is limited, such that Plaintiffs are not entitled to any nonpecuniary damages, incidental damages, exemplary damages, consequential damages related to any alleged agreements, liquidated damages, punitive damages, or any damages other than her alleged compensatory damages, if any.  Defendant further specifically pleads that Plaintiff is not entitled to recover attorney's fees, and/or other litigation costs based on any claims alleged in their Complaint. Moreover, any alleged damages for stress, embarrassment, uncertainty, mental anguish, damage to reputation, and loss of enjoyment of life are not recoverable based on the causes of action pleaded by Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that any equitable and/or monetary award which Plaintiffs may receive cannot exceed any limitations, if any, imposed by applicable statutes, statutory law, regulations, rules and/or decisional law.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs' recovery, if any, must be limited to the extent they have failed to mitigate their damages, including, but not limited to, Plaintiffs' failure to seek other employment or otherwise failing to take prompt action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have wholly failed to mitigate their damages (which alleged damages are expressly denied).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, the fact and extent of which Defendant denies, were proximately caused by intervening, superseding, and/or supervening acts or events for which Defendant has no responsibility.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiffs did not and could not have reasonably relied upon any acts, omissions, or representations of Defendant, to the extent any existed.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs relied upon any acts, omissions, or representations of Defendant (which is expressly denied), such reliance was not reasonable and/or did not cause detriment to Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that should any of Plaintiffs' claims against Defendant be found frivolous, unreasonable or groundless, to have been brought in bad faith, or it is determined by the Court that Defendant's alleged acts or practices were not in violation of the law, Defendant is entitled to recovery of reasonable damages, under applicable law, incurred in the defense of such claims, including but not limited to, reasonable attorneys' fees and other costs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of lack of consideration by Plaintiffs and affirmatively avers that to the extent any contract may have existed between or been

contemplated by the Parties, Plaintiffs failed to give consideration agreed to for fulfillment of their part of the agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it has not breached any alleged obligations or duties allegedly owed to Plaintiffs, to the extent any exist.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims sued upon herein did not result from the fault, negligence, or lack of care of Defendant, or from the fault, negligence, or lack of care of any person, firm, or corporation for whose actions Defendant might be held liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies any contractual or other legal duty to Plaintiff in the absence of a contractual agreement between Plaintiff and Defendant.

## NINTEENTH AFFIRMATIVE DEFENSE

Any alleged damages recoverable by Plaintiffs (which are expressly denied) are limited by the express terms and conditions of the alleged agreement they claim to have held with Defendant and further Plaintiff admits that they received the benefits as stated under the alleged contract.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant expressly denies that Plaintiffs sustained any injury or damages for which Defendant is responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense that Plaintiffs' claims are barred to the extent that they failed to satisfy all conditions precedent or statutory prerequisites under applicable law as well as under relevant jurisprudence.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of rescission and affirmatively avers that, to the extent any contract may have existed between or been contemplated by the parties, such contract or offer was rescinded by the parties prior to the alleged damage and claims made by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of unjust enrichment and affirmatively avers that, if Plaintiffs are granted relief that they have prayed for, the monies and equity interests granted to them (which should be denied) may be an unjust enrichment of them to the impoverishment of Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant's pay practices do not and at no time did violate the FLSA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant did not willfully fail to pay overtime compensation to Plaintiffs or any persons allegedly "similarly situated" to them, as that term is defined in the FLSA.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not "similarly situated" to any current or former employee of Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred because any alleged acts or omissions by Defendant were in good faith and in conformity with and in reliance on applicable administrative regulations, orders, rules, approvals, interpretations, or administrative practices or enforcement policies of the U.S. Department of Labor with respect to the class of employers to which Defendant belongs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith with reasonable grounds for believing that it acted in compliance with applicable law and, therefore, Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, for liquidated damages are barred.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it did not show reckless disregard for whether its conduct was prohibited by the FLSA.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred, in whole or in part, to the extent they include time and/or amounts that are not compensable under applicable law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred, in whole or in part, by the applicable statute of limitations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, are barred, in whole or in part, by the *de minimis* doctrine.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs, or persons allegedly "similarly situated" to them, sustained any damages, Defendant is entitled to an offset for any overpayment of wages, premium payments, or payment not for hours worked, or to prevent a windfall.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which attorneys' fees or costs can be awarded.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims in this case are not appropriate for collective action treatment under the FLSA.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and the claims of potential opt-in plaintiffs, are barred by preemption and by the doctrine of laches, waiver, and/or estoppel.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any overtime wages because they are statutorily exempt from overtime.

### THIRTY-EIGTH AFFIRMATIVE DEFENSE

Plaintiffs were at all times timely paid all wages due and owing under any employment arrangement had with Defendant.

**WHEREFORE**, Defendant prays that its Answer and Affirmative Defenses be deemed good and sufficient, that its defenses be maintained, and that after due proceedings had, that there be judgment rendered herein in its favor and against Plaintiffs, dismissing the entirety of Plaintiffs' Complaint, with prejudice, at Plaintiffs' costs.  Defendant also requests that it be awarded it court costs, attorneys' fees, and any other legal, equitable or declaratory relief this Court may deem just and appropriate.

**[signature block appears on next page]**

Respectfully submitted,

**PHELPS DUNBAR**

*/s/ Brandon E. Davis*
BRANDON E. DAVIS (#29823)
STEPHANIE POUCHER (#37263)
CLERC C. COOPER (#38170)
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
Email: brandon.davis@phelps.com

**AND**

*/s/ Ashley Foret Dees*
ASHLEY FORET DEES (#31727)
517 Broad Street
Lake Charles, LA  70601
Telephone:  (337) 214-0354
Facsimile:  (337) 326-5543
Email: ashley@afdees.com


**ATTORNEYS FOR STERLING SUGARS
SALES CORPORATION**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.


*/s/ Brandon E. Davis*