UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ARTEMIO ALVAREZ BARRON,** et al., and others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION No. 6:21-cv-03741 |
| v. | ) JUDGE ROBERT T. SUMMERHAYS |
| **STERLING SUGARS SALES CORPORATION,** | ) ) MAGISTRATE JUDGE PATRICK J. HANNA |
| Defendant. | ) ) |

## AMENDED RULE 26(f) REPORT

Trial Date: June 5, 2023.

Pretrial Conference Date: May 16, 2023.

Type of Trial: ☐ JURY   ☒ BENCH

Estimated length of trial is 4-5 court days.

**1. Participants:**

   **Counsel for Plaintiffs:**

   Caitlin Berberich, TA

   Nicole Bucheri

   Daniel Davis

   **Counsel for Defendants:**

   Brandon E. Davis, TA

   Stephanie Poucher

    Laura N. Buck

    Ashley Foret Dees

    Leon Sequeira

2. **Affirmation Regarding Initial Disclosures:**

    The parties exchanged their disclosures under Rule 26(a)(1) ("initial disclosures") by February 15, 2022.

3. **Jurisdictional Basis:**

    Jurisdiction is conferred by 29 U.S.C. §216(b), this action arising under the Fair Labor Standards Act ("FLSA"); by 28 U.S.C. §1331, this action arising under the laws of the United States; and 28 U.S.C. §1367, providing supplemental jurisdiction over Plaintiffs' state law claims.

4. **Brief Description of Claims:**

**Count I (FLSA Overtime Claims)**

    Plaintiffs allege that Defendant failed to pay Plaintiffs the federally mandated overtime pay of time and a half of the regular rate for hours worked in excess of 40 hours a workweek under 29 U.S.C. §207(a). Plaintiffs seek compensatory damages for their unpaid overtime wages and an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b), as well as attorney's fees. Plaintiffs bring their FLSA overtime claims on behalf of themselves and other similarly situated workers employed by Defendant in 2018, 2019, 2020, and 2021 to drive heavy trucks transporting sugarcane products between various farms and any sugar processing facility, or moving sugarcane around within the facility.

    Plaintiffs allege they were employed by Defendant between 2018 and 2022 under H-2A temporary, nonimmigrant agricultural visas. Plaintiffs allege Defendant obtained the H-2A

visas by falsely representing that Plaintiffs and their co-workers would be employed as agricultural workers. Plaintiffs allege they were not. Instead, Plaintiffs allege Defendant employed Plaintiffs and their co-workers solely as heavy truck drivers, hauling sugarcane from dozens of sugarcane farms in Louisiana back to Sterling Sugars, LLC's sugar mill. Based on their allegation that Plaintiffs and their co-workers were not engaged in agricultural work and did not drive outside the state of Louisiana, Plaintiffs allege they were entitled to overtime wages for hours worked in excess of 40 in a workweek. Plaintiffs allege they frequently worked up to 80 hours in a workweek, sometimes more, over the course of the season, and they were not paid overtime for hours above 40. Plaintiffs allege their co-workers who did the same jobs driving heavy trucks, including those who moved sugarcane around the sugar processing facility, worked a similar schedule and hours for the 2018, 2019, 2020, and 2021 seasons, and that none were compensated at one and one-half the workers' regular rate or any other premium rate for time each of them was employed in excess of 40 hours in a week.

**Count II (Breach of Employment Contract)**

Defendant obtained Plaintiffs' employment through the federal H-2A program, *see* 20 C.F.R. §§ 655.100 to 655.185 and 29 C.F.R. §§ 501.0 to 501.47, by filing temporary employment certification applications and accompanying clearance orders. 20 C.F.R. § 655.130 and 655.121(a)(1). Plaintiffs allege these documents constituted a valid employment contract containing all material terms of Plaintiffs' employment for Defendant. *See* 20 C.F.R. §§ 655.120, 655.122 and 655.135. Plaintiffs allege they accepted the terms of their contract by traveling to the United States and working for Defendant pursuant to their H-2A visas. In the clearance orders, Defendant promised to pay Plaintiffs the highest of the prevailing wage, AEWR, or federal or state minimum wage. *See* 20 C.F.R. § 655.120. Defendant also promised

to comply with all applicable Federal and state employment-related laws, including compensation for overtime hours, as required under federal law. *See* 20 C.F.R. § 655.135(e).

Plaintiffs allege the highest of these wages for driving heavy trucks was the prevailing wage for St. Mary's Parish, Louisiana, as determined by the National Prevailing Wage Center ("NPWC") of the DOL, of $20.42 per hour for work performed between July 2018 and June 2019, $19.52 per hour for work performed between July 2019 and June 2020, $20.33 per hour for work performed between July 2020 and June 2021, and $19.76 per hour for work performed between July 2021 and June 2022. Plaintiffs allege that because the promises set out in the clearance orders were a legal condition of Defendant obtaining foreign worker visas, those promises are incorporated as a matter of law into the contractual relationship between Defendant and Plaintiffs.

Plaintiffs allege Defendant breached Plaintiffs' contracts by assigning them to drive heavy trucks and then failing to pay them the applicable prevailing wage ($20.42 per hour for work performed between July 2018 and June 2019, $19.52 per hour for work performed between July 2019 and June 2020, $20.33 per hour for work performed between July 2020 and June 2021, and $19.76 per hour for work performed between July 2021 and June 2022) for driving those trucks, and by failing to pay overtime wages. Instead, Plaintiffs allege Defendant paid Plaintiffs the lower Louisiana agricultural adverse effect wage rate ("AEWR") for their work, which was $10.73 per hour in 2018, $11.33 per hour in 2019, $11.83 per hour in 2020, $11.88 per hour in 2021, and $12.45 in 2022, and did not pay overtime wages.

**Count III (Louisiana Wage Payment Act)**

Plaintiffs allege Defendant failed to pay Plaintiffs, as described in Counts I and II above, within 15 days of their resignation or discharge from employment the amounts due each

of them under the terms of their employment, in violation of the Louisiana Wage Payment Act, La. Rev. Stat. 23:631(A)(1)(b). Plaintiffs allege Artemio Alvarez Barron and Carlos Pereyra Vidaña notified Defendant in writing of the amounts of unpaid wages they are owed under the LWPA and demanded payment via a letter dated September 9, 2021 that was delivered by mail to Defendant on September 13, 2021. Plaintiffs allege Defendant has not made any payments to Plaintiffs for the amounts of unpaid wages they are owed under the LWPA. As a result of Defendant's alleged violations of the LWPA, Plaintiffs allege they are each entitled to recover their unpaid wages, as described in Counts I and II, along with penalty wages as prescribed by La. Rev. Stat. 23:632(A).

**Count IV (Unjust Enrichment)**

Plaintiffs allege that during the 2018, 2019, 2020, and 2021 seasons, Defendant assigned Plaintiffs to drive heavy trucks and failed to pay them the applicable prevailing wage ($20.42 per hour for work performed between July 2018 and June 2019, $19.52 per hour for work performed between July 2019 and June 2020, $20.33 per hour for work performed between July 2020 and June 2021, and $19.76 per hour for work performed between July 2021 and June 2022) and overtime wages to which they were allegedly entitled under the law, as described in Counts I and II above. Plaintiffs allege the prevailing wage measures the value of Plaintiffs' labor. Plaintiffs allege Defendant was enriched by Plaintiffs' labor driving heavy trucks for long hours, in that it paid Plaintiffs the lower agricultural AEWR ($10.73 per hour in 2018, $11.33 per hour in 2019, $11.83 per hour in 2020, $11.88 per hour in 2021, and $12.45 in 2022), but the actual value of their labor was the much higher prevailing wage rate. Plaintiffs allege Defendant was also enriched by falsely characterizing Plaintiffs' labor as agricultural

and not paying overtime, when in fact it was nonagricultural work for which Plaintiffs were entitled to overtime.

Plaintiffs allege they were impoverished by Defendant's failure to pay the prevailing wages and overtime pay they were entitled to, and their impoverishment was directly connected to Defendant's enrichment. Plaintiffs allege there was no justification or cause for Defendant's enrichment and Plaintiffs' impoverishment whereby obligations are created, modified, or extinguished. Plaintiffs further allege there are no other remedies at law available to Plaintiffs for Defendant's failure to pay prevailing wages. As a result of Defendant's alleged actions, Plaintiffs allege Defendant was enriched without cause at the expense of Plaintiffs, and Plaintiffs are entitled to compensation as authorized by La. Civ. Code art. 2298.

5. **Brief Statement of Responses:**

**Count I (FLSA)**

Defendant has filed an Answer denying Plaintiffs' factual allegations and deny any liability based on Plaintiffs' FLSA Overtime claims. It is Defendant's position that Plaintiffs were each paid the full wages they were legally entitled to under the FLSA. As such, Defendant contends it is entitled to judgment as a matter of law and fact on Plaintiffs' FLSA claims.

**Count II (Breach of Employment Contract)**

Defendant has filed an Answer denying Plaintiffs' factual allegations and deny any liability based on Plaintiffs' Breach of Employment Contract claims. It is Defendant's position that, to the extent Plaintiffs can establish the existence of any contract, which is denied, Defendant paid each Plaintiff the full wages they were legally entitled to under the terms and conditions of that alleged contract. As such, Defendant contends it is entitled to judgment as a matter of law and fact on Plaintiffs' Breach of Employment Contract claims.

**Count III (Louisiana Wage Payment Act)**

Defendant has filed an Answer denying Plaintiffs' factual allegations and deny any liability based on Plaintiffs' Louisiana Wage Payment Act claims. It is Defendant's position that, to the extent Plaintiffs can establish the existence of any contract, which is denied, Defendant timely paid each Plaintiff the full wages they were legally entitled to under the terms and conditions of that alleged contract. Defendant further contends it timely paid each Plaintiff all amounts legally required under the FLSA. As such, Defendant contends it is entitled to judgment as a matter of law and fact on Plaintiffs' Louisiana Wage Payment Claims.

**Count IV (Unjust Enrichment)**

Defendant has filed an Answer denying Plaintiffs' factual allegations and deny any liability based on Plaintiffs' Unjust Enrichment claims. It is Defendant's position that, to the extent Plaintiffs can establish the existence of any contract, which is denied, Defendant timely paid each Plaintiff the full wages they were legally entitled to and contemplated under the terms and conditions of that alleged contract. Defendant further contends it timely paid each Plaintiff all amounts legally required under the FLSA. Defendants further contends both parties enjoyed the full benefit of their employment arrangement, and Defendant was not unjustly enriched by this employment arrangement. As such, Defendant contends it is entitled to judgment as a matter of law and fact on Plaintiffs' Unjust Enrichment Claims.

6. **Anticipated Amendments to Pleadings and Motions:**

Plaintiffs anticipate filing amended complaints to join additional Plaintiffs, if additional Plaintiffs opt into this case. If it becomes necessary, Plaintiffs also anticipate filing a motion for court-authorized notice under the Fair Labor Standards Act to allow similarly situated workers to opt into the case. In the event that the parties are unable to reach an agreement as

to the issue of Plaintiffs' appearance for in person depositions in the Western District of Louisiana, Plaintiffs may seek a protective order. Plaintiffs anticipate filing a motion for summary judgment after discovery. Plaintiffs anticipate filing motions in limine and other pretrial motions, should they become necessary.

Defendant anticipates filing a motion for summary judgment after discovery. Defendant further anticipates filing motions in limine and other pretrial motions, should they become necessary. To the extent Plaintiff seeks to notify any allegedly similarly situated workers of their claims in this case without first moving for an being granted preliminary certification of their collective action, Defendant specifically objects to Plaintiffs' action in that regard and reserves the right to oppose either a motion for class certification and/or for notice.

7. **Anticipated Expert Witnesses:**

Plaintiffs and Defendant have not currently identified an anticipated expert witness but reserve the right to later retain and disclose experts pursuant to the Federal Rules of Civil Procedure and the scheduling order entered by this Court.

8. **Discovery Plan:**

The parties received a discovery plan in the Scheduling Order previously issued in this case on January 25, 2022 (Doc. 24). The parties are generally in agreement with the deadlines set out in the Scheduling Order. However, Plaintiffs intend to file a motion for court-authorized notice to similarly situated workers under the Fair Labor Standards Act, which, if granted, would establish a specific deadline by when similarly situated workers could opt into this case. Depending on how long briefing takes on the motion, as well as the Court entering a decision

and resolving any discovery disputes regarding the potential issuance of FLSA notice, the deadline to join parties may need to be extended.

To the extent Plaintiff seeks to notify any allegedly similarly situated workers of their claims in this case without first moving for and being granted preliminary certification of their collective action, Defendant specifically objects to Plaintiffs' anticipated request and reserves the right to oppose either a motion for class certification and/or for notice.

Plaintiffs are citizens of Mexico, migrant workers, and many may not have reliable telephone or postal service. There are also fourteen Plaintiffs. Plaintiffs request 60 days to respond to written discovery requests.

Plaintiffs request that those residing in Mexico at the time of depositions shall not appear for in person depositions in the Western District of Louisiana and may be deposed remotely or in Mexico.

9. **Stipulations:**

Defendant employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(g).

Defendant was Plaintiffs' employer as defined by the FLSA.

Plaintiffs were employees of Defendant as defined by the FLSA.

Defendant was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), at all times relevant to this lawsuit.

10. **Major Issues of Fact and Law in Dispute:**

Plaintiffs dispute that they were agricultural workers exempt from the overtime requirements of the FLSA. *See* 29 U.S.C. §§ 213(b)(12) and 203(f). Plaintiffs dispute that they were subject to Louisiana's agricultural AEWR of $10.73 per hour in 2018, $11.33 per hour in 2019, $11.83 per hour in 2020, $11.88 per hour in 2021, and $12.45 in 2022. Plaintiffs

allege that they were heavy truck drivers entitled to the higher prevailing wage of $20.42 per hour for work performed between July 2018 and June 2019, $19.52 per hour for work performed between July 2019 and June 2020, $20.33 per hour for work performed between July 2020 and June 2021, and $19.76 per hour for work performed between July 2021 and June 2022.

11. **Related Case Information:**

    None.

12. **Surveillance Evidence:**

    The parties do not anticipate the use of surveillance evidence in this case. However, if used, the parties agree to the procedures outlined in the Court's instructions for the 26(f) report.

13. **Alternative Dispute Resolution (ADR):**

    Although premature, the parties believe that settlement may be facilitated by mediation or a court-ordered settlement conference after: (1) the parties have made their Rule 26(a)(1) initial disclosures; and (2) following the completion of appropriate discovery, if the parties cannot reach agreement on their own after further discussions.

14. **Rule 16 Conference:**

    The parties believe that a Rule 16 Conference will be beneficial in accordance with the Scheduling Order.

15. **Electronic Courtroom:**

    This case is document intensive because the claims rely heavily on payroll and time records among other documentary proof, so the parties will require the technologies of the "Electronic Courtroom" to admit and present exhibits at trial.

16. **Electronically Generated Exhibits or Aids:**

None at this time.

**17. Handicap Provisions:**

None at this time.

**18. Certification:**

The undersigned counsel hereby certify that this report is accurate and complete.

**19. Consent Trials:**

The Parties have not agreed to proceed before a magistrate judge.

Date: March 25, 2022

Respectfully submitted,

*/s/ Caitlin Berberich*
Caitlin Berberich, TN Bar No. 025780
*Trial Attorney
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Telephone: (615) 538-0725
Facsimile: (615) 366-3349
cberberich@trla.org

Nicole Bucheri, TX Bar No. 24095388
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren St.
Brownsville, Texas 78520
Telephone: (956) 982-5552
Facsimile: (956) 541-1410
nbucheri@trla.org

*/s/ Daniel Davis*
Daniel Davis, LA No. 30141
Admitted to Practice in W.D. La.
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394

Facsimile: (225) 384-5419
dan@estesdavislaw.com

**ATTORNEYS FOR PLAINTIFFS**

PHELPS DUNBAR

*/s/ Brandon E. Davis*
BRANDON E. DAVIS (#29823)
STEPHANIE POUCHER (#37263)
LAURA N. BUCK (#34467)
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
Email: brandon.davis@phelps.com

ASHLEY FORET DEES (#31727)
517 Broad Street
Lake Charles, LA 70601
Telephone: (337) 214-0354
Facsimile: (337) 326-5543
Email: ashley@afdees.com

**ATTORNEYS FOR STERLING SUGARS SALES CORPORATION**