UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ARTEMIO ALVAREZ BARRON ET AL., AND OTHER SIMILARLY SITUATED | CIVIL ACTION NO. 6:21-cv-03741 |
| VERSUS | JUDGE SUMMERHAYS |
| STERLING SUGARS SALES CORPORATION | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending is the plaintiffs' motion seeking the production of contact information for similarly situated workers and the approval of notice to similarly situated workers. (Rec. Doc. 35). The motion is opposed in part, the defendant having filed a "limited" opposition brief. (Rec. Doc. 4). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART and DENIED IN PART.

### Background

The plaintiffs alleged in their complaint that they are six migrant worker Mexican citizens who were employed by defendant Sterling Sugars Sales Corporation during the sugarcane seasons from 2018 through 2021. They brought their claims on behalf of themselves and also on behalf of other as-yet unidentified similarly situated employees of the defendant. They alleged that, although the H-2A visas obtained for them by Sterling Sugars Sales Corporation indicated that they

were agricultural workers, they actually worked as heavy truck drivers, hauling harvested sugarcane from farms to the Franklin, Louisiana sugar mill owned and operated by Sterling Sugars, LLC,[1] and hauling harvested sugarcane within the mill itself. They further alleged that Sterling Sugars Sales Corporation failed to pay them the prevailing wage for truck drivers and failed to pay them any overtime wages.

The plaintiffs asserted claims under state and federal laws. One of their claims is for the defendant's alleged failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b). Accordingly, they styled their lawsuit a collective action, which permits other similarly situated persons to opt-in as plaintiffs.

In the pending motion, the plaintiffs seek (1) an order requiring the defendant to produce the names and contact information for current and former employees meeting a proposed definition of similarly situated workers; (2) authority to distribute a proposed notice and consent-to-sue form; and (3) authority to allow potential plaintiffs six months to file consent-to-sue forms with the court. As a

---

[1] The plaintiffs alleged that defendant Sterling Sugars Sales Corporation is "a job contractor." (Rec. Doc. 1 at 11). The plaintiffs alleged that Sterling Sugars, LLC is "an associated processing facility." (Rec. Doc. 1 at 3). Sterling Sugars, LLC is not a party to the lawsuit. In their briefing, the plaintiffs alleged that the defendant corporation is owned by Sterling Sugars, LLC and that Sterling Sugars, LLC operates a sugarcane processing mill in Franklin, Louisiana. (Rec. Doc. 35-3 at 7-8).

threshold matter, the plaintiffs seek approval of a definition of the term "similarly situated workers" as used in the context of this lawsuit.

## Law and Analysis

The FLSA protects employees by establishing a minimum hourly wage, setting maximum work hours, and requiring overtime compensation for work beyond forty hours per week.[2] An action may be brought against an employer for violation of the FLSA by one or more employees asserting their own claims or asserting claims on behalf of themselves and other employees who are similarly situated.[3] Therefore, "employees may proceed collectively when they are 'similarly situated.'"[4] Because the term "similarly situated" is not defined in the FLSA,[5] however, trial courts must define that term in the context of the particular litigation and notify prospective plaintiffs of the litigation.

In the Fifth Circuit, FLSA collective actions are governed by the court's decision in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021). Before *Swales*, a two-step process was employed, in which a district court would first consider the issue of whether a collective class should be conditionally certified,

---

[2] 29 U.S.C. §§ 206(a)(1), 207(a).

[3] 29 U.S.C. § 216(b).

[4] *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 435 (5th Cir. 2021).

[5] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 435.

followed by a notice and opt-in period, then a decertification stage.[6] That approach was replaced in *Swales* with rigorous scrutiny of the definition of similarly situated workers at an early stage of the litigation without the necessity of the conditional certification of a class of workers.

The plaintiff bears the burden of showing that he and the other prospective plaintiffs are similarly situated.[7] To do so, the plaintiff must show that the others are similarly covered by the FLSA's protections and that their job duties are similar and not exempted from the FLSA's protection.[8] This generally requires an affirmative showing that all of the prospective plaintiffs had substantially similar job requirements and were subject to the same compensation scheme.[9] Factors that might be considered include "(1) the factual and employment settings of the [prospective plaintiffs]; (2) the various defenses available to the defendant and if any defenses are individualized rather than applying to the [prospective plaintiffs] as a

---

[6] The former procedure originated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

[7] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 435 & n. 65. See, also, *Bancroft v. 217 Bourbon, LLC*, No. 21-545, 2022 WL 124025, at *4 (E.D. La. Jan. 13, 2022); *Rosales v. Industrial Sales & Services, LLC*, No. 6:20-cv-00030, 2021 WL 4480747, at *10 (S.D. Tex. Sept. 30, 2021).

[8] *Rosales v. Industrial Sales & Services, LLC*, 2021 WL 4480747, at *10.

[9] *Schnelle v. Chevron U.S.A. Inc.*, No. MO:20-cv-112, 2021 WL 2773010, at *3 (W.D. Tex. Jan. 28, 2021), report and recommendation adopted, 2021 WL 2773008 (W.D. Tex. Mar. 27, 2021); *Huchingson v. Rao*, No. 5:14-CV-1118, 2015 WL 1655113, at *2 (W.D. Tex. Apr. 14, 2015).

whole; and (3) fairness and procedural considerations."[10] However, district courts must consider "all available evidence" to determine "whether and to whom notice should be issued."[11] When "the plaintiffs all have the same job description and the allegations revolve around the same aspect of that job," the employees are usually similarly situated.[12] In this case, the plaintiffs supported their complaint with declarations and stated that discovery is not necessary to determine an appropriate definition of similarly situated workers.

Because similarly situated employees may opt-in to an FLSA collective action by filing written consent[13] and "an employee cannot benefit from a collective action without accurate and timely notice,"[14] the trial court plays an important notice-giving role.[15] Notice to potential plaintiffs is proper if the available evidence establishes that the plaintiff has met the "similarly situated" threshold.[16] A trial court must oversee the notice process without giving even the appearance of judicial

---

[10] *Cotton-Thomas v. Volvo Grp. N. Am., LLC*, No. 3:20-CV-113, 2021 WL 2125003, at *2 (N.D. Miss. May 25, 2021) (citing *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 437)).

[11] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 442.

[12] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 441-42.

[13] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 435 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989)).

[14] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 435 (internal citations omitted).

[15] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 435.

[16] See *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 442.

endorsement of the merits of the action.[17] District courts have "broad, litigation-management discretion"[18] and must "consider all of the available evidence" in determining whether and to whom notice should be issued.[19]

### A. The Definition of Similarly Situated Workers

The plaintiffs seek to have the following definition of similarly situated workers approved for this lawsuit:

> All current and former employees of Defendant who were employed by Defendant at any time during the last three years to drive trucks to transport harvested sugarcane within the state of Louisiana, including within the sugar processing mill operated by Sterling Sugars, LLC.[20]

The defendant argued that the plaintiffs' definition was overly broad and proposed a different definition:

> All current and former employees who accepted seasonal employment with Sterling in the last three years whose primary employment activity was to drive a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds Gross Vehicle Weight (GVW) to transport harvested sugarcane exclusively within the state of Louisiana who claim they are owed unpaid overtime wages.[21]

---

[17] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 436.

[18] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 443.

[19] *Swales v. KLLM Transport Services, LLC*, 985 F.3d at 442.

[20] Rec. Doc. 35-3 at 7.

[21] Rec. Doc. 40 at 7.

This Court finds that the use of the word "Defendant" in the plaintiffs' proposed definition and the use of the word "Sterling" in the defendant's proposed definition are troublesome in that either word might be unclear or confusing to potential plaintiffs. This Court finds that the better course of action would be to state the defendant's name in full, which is "Sterling Sugars Sales Corporation."

The defendant suggested limitation of the plaintiffs to those who "accepted seasonal employment" but explained that this was an attempt to include within the definition only workers who worked for the defendant pursuant to H-2A clearance orders. The declarations submitted along with the plaintiffs' motion all stated that the declarants worked for the defendant with H-2A visas and were told that the job required them to have a license to drive commercial trucks ("CDL"). There is no suggestion that the commonality among the workers was the amount of time that they worked for the defendant but that they were required to have an H-2A visa and a commercial driver's license in order to be hired. Therefore, this Court finds that the proposed reference to seasonal work should not be included in the definition. Instead, the definition should include a reference to H-2A visas and CDLs.

The defendant suggested using the words "whose primary employment activity was to drive" trucks but did not articulate a persuasive basis for this proposed change in its briefing. Because the defendant failed to show that this proposed

change was meaningful, this Court finds the language to be superfluous and therefore unnecessary.

The defendant also objected to the proposed definition on the basis that it would permit persons who drove any trucks while employed by the defendant to be included. The defendant proposed limiting the definition to those persons who drove trucks with a specific weight. But it is unlikely that any worker would know the weight of the truck that he drove. Therefore, a notice containing such numbers would likely be confusing to potential plaintiffs. Further, the defendant argued that heavy trucks requiring a CDL license to operate are those vehicles defined as having a "tractor-trailer combination or a truck with a capacity of at least 26,002 pounds GVW." Thus, limiting the definition to persons who drove heavy trucks and were required to have a CDL would accomplish the same purpose without including the confusing weight number in the definition.

The defendant also argued that the plaintiffs' proposed definition would include workers who drove trucks outside the state of Louisiana. That is simply not the case since the plaintiffs' definition was expressly limited to persons who drove trucks "within the state of Louisiana."

Finally, the defendant suggested the addition of the words "who claim they are owed unpaid overtime wages" to the definition. Certainly, a common characteristic of people potentially included as plaintiffs in the litigation would be

their claim to allegedly unpaid overtime pay. Therefore, this Court finds that reference to this claim should be included in the definition.

Accordingly, this Court finds that an appropriate definition of similarly situated workers in the context of this litigation is the following:

> All current and former employees of Sterling Sugars Sales Corporation who were employed at any time during the last three years, were required to have an H-2A visa and a license to drive commercial vehicles, drove heavy trucks to transport harvested sugarcane within the state of Louisiana, including within the sugar processing mill operated by Sterling Sugars, LLC, and claim that they are owed unpaid overtime wages.

## B. Contact Information

The plaintiffs seek an order requiring the defendant to produce the full names, all known physical addresses (U.S. and Mexican), telephone numbers (U.S., Mexican, and cellular), and e-mail addresses for each employee or former employee" who falls within the definition of similarly situated workers.[22] The defendant did not object to the production of this information or to the plaintiffs' proposed fourteen-day time limit for the production of this information. Therefore, the defendant will be ordered to produce the requested contact information.

---

[22] Rec. Doc. 35-3 at 23.

### C.    <u>Issuance of Notice</u>

"Notice is particularly important for FLSA collective actions as potential plaintiffs' statutes of limitations continue to run unless and until a plaintiff 'gives his consent in writing to become a party and such consent is filed in the court in which such action is brought.'"[23] An overarching goal of the FLSA is providing potential class members the opportunity to join the case.[24] Here, the plaintiffs seek authority to distribute a proposed notice and consent-to-sue form. "It is well-settled that courts have wide discretion in deciding the notice's content and how notice is distributed."[25]

The plaintiffs suggested that the most effective method of distributing notices to prospective plaintiffs would be via WhatsApp, text messages, and social media such as Facebook posts or messages.[26] The declarations submitted in support of the motion explained that it is difficult to receive mail in Mexico and that many of the declarants are away from home for long periods of time. Therefore, phone calls, texts, email, and WhatsApp communications are the most reliable ways for communicating with these workers. The plaintiffs requested that an initial notice be

---

[23]    *Kibodeaux v. A&D Interests, Inc.*, No. 3:20-cv-00008, 2022 WL 92856, at *9 (S.D. Tex. Jan. 10, 2022) (quoting 29 U.S.C. § 216(b)) (vacated on other grounds, *In re A&D Interests, Inc.*, No. 22-40039, 2022 WL 1315465 (5th Cir. May 3, 2022).

[24]    *Kibodeaux v. A&D Interests, Inc.*, 2022 WL 92856, at *9.

[25]    *Young v. Energy Drilling Co.*, 534 F.Supp.3d 720, 725-26 (S.D. Tex. 2021) (quoting *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 488 (S.D. Tex. 2020)).

[26]    Rec. Doc. 35-3 at 24.

10

sent, followed by a reminder notice and suggested that they would also consider sending notices by radio broadcasts or postings at the defendant's worksite or employee housing if the contact information obtained from the defendant is unusable or insufficient. The defendant is agreeable to the use of mail, email, text, and WhatsApp notices but objected to the use of any other social media sites, radio announcements, and postings at the defendant's facility to provide notices to potential plaintiffs. The defendant also argued that only a single notice should be issued. In response, the plaintiffs proposed posting a notice on the social media site of their counsel, Southern Migrant Legal Services, a non-profit organization that provides legal services to farmworkers.

Because the workers who might become plaintiffs in this case are all persons who primarily reside out the United States, this Court finds that it would be reasonable to provide notice by mail, email, text, and WhatsApp, particularly in light of the defendant's agreement that notice by these methods is reasonable. This Court also finds that giving notice by posting on the social media site of the plaintiffs' counsel, Southern Migrant Legal Services, would be reasonable since that organization serves the population from which the similarly situated workers are primarily drawn and the declarations submitted by the plaintiffs established that direct communication with these workers may be difficult. On the other hand, this Court finds that radio announcements and the posting of notices at the defendant's

11

facility or on other types of social media would likely be unnecessary and duplicative of notice provided by other means.

The defendant objected to the sending of a reminder notice. But reminder notices have been allowed in other cases,[27] and the defendant failed to persuade this Court that a reminder notice would be prejudicial or unduly burdensome, particularly in light of the type of workers the notice is designed to reach, the communication difficulties identified in the declarations, and the length of time afforded for notice. Therefore, a reminder notice will be allowed.

**D.     The Notice Forms**

The plaintiffs submitted a proposed notice and a proposed consent to opt-in to the lawsuit along with their motion, and the defendant submitted its proposed versions along with its opposition brief.

The defendant objected to the sentence in the plaintiffs' proposed notice, which reads as follows: ""[Plaintiffs] also say that the proper overtime rate should be based off of a higher wage rate for truck drivers and not the lower H-2A wage rate that they were paid." The defendant argued that the plaintiffs do not claim that the FLSA entitles the workers to a higher hourly wage rate and conflated the plaintiffs' FLSA claim with their breach of contract and unjust enrichment claims,

---

[27]     See, e.g., *Kibodeaux v. A&D Interests, Inc.*, 2022 WL 92856, at *10; *Young v. Energy Drilling Co.*, 534 F.Supp.3d 720, 727 (S.D. Tex. 2021).

which are based on the contention that the workers were truck drivers who should have been paid a higher hourly wage than that paid to agricultural workers. The plaintiffs argued that, because this sentence was part of the general description of the lawsuit, a reference to the wage claim should be permitted. This court finds that the notice at issue has to do solely with the plaintiffs' FLSA claim; consequently, only the claim for unpaid overtime pay should be referenced. This Court will order the referenced sentence to be stricken from the notice.

The defendant also argued that the first sentence of the text message proposed by the plaintiffs should be revised by adding the word "allegedly" so that it reads as follows, in pertinent part: "to notify you of your right to join a lawsuit, if you so choose, to recover allegedly unpaid wages and monetary damages." This Court agrees that this is an appropriate and necessary change.

A cursory comparison of the notice and consent forms submitted by the parties revealed that the defendant made other changes to the forms not discussed in their briefing. This Court will not consider any proposed revisions to the notice or consent forms that were not fully briefed. Accordingly, this Court will order the notice form to be revised only by striking the sentence objected to by the defendant and inserting the word "allegedly" as described above. Additionally, the parties will be ordered to work together in the preparation of Spanish language translations of these forms.

### E. The Deadline for Submission of Consent-to-Sue Forms

In their briefing, the plaintiffs requested that similarly situated workers be allowed six months to file consent-to-sue forms with the court. The defendant opposed this request, arguing that a ninety-day deadline would be more appropriate. In their reply brief, the plaintiffs acquiesced and agreed to a ninety-day time period. Other courts in this circuit have allowed for ninety-day opt-in periods.[28] Therefore, this Court concurs with the parties' agreement and finds that a ninety-day opt-in period will afford the plaintiffs a generous amount of time to locate other potential opt-in plaintiffs, but is neither unreasonable nor unduly burdensome.

### Conclusion

For the foregoing reasons, the plaintiffs' motion is GRANTED IN PART and DENIED IN PART. More specifically,

IT IS ORDERED that the following definition of the term "Similarly Situated Workers" is adopted:

> All current and former employees of Sterling Sugars Sales Corporation who were employed at any time during the last three years, were required to have an H-2A visa and a license to drive commercial vehicles, drove heavy trucks to transport harvested sugarcane within the state of Louisiana, including within the sugar processing mill operated by Sterling Sugars, LLC, and claim that they are owed unpaid overtime wages.

---

[28] See, e.g., *Lopez v. Hal Collums Construction, LLC*, No. 15-4113, 2015 WL 7302243, at *8 (E.D. La. Nov. 18, 2015); *Baricuatro v. Industrial Personnel and Management Services, Inc.*, No. 11-2777, 2012 WL 5986467, at *2 (E.D. La. Nov. 29, 2012).

IT IS FURTHER ORDERED that defendant Sterling Sugars Sales Corporation shall, not later than fourteen days after the date of this order, produce a complete list of the names, addresses (in Mexico and in the United States), email addresses, telephone numbers (in Mexico and in the United States), dates of employment, and dates of termination of all workers employed by the defendant during the previous three years who fall within the definition of similarly situated workers adopted herein.

IT IS FURTHER ORDERED that the plaintiffs shall, not more than thirty days after the production of the contact information, distribute the proposed notice and consent-to-sue form to similarly situated persons by mail, email, text message, WhatsApp, and by posting on Southern Migrant Legal Services' Facebook page.

IT IS FURTHER ORDERED that the plaintiffs shall, not less than sixty days after the first notice, distribute a reminder notice by the same means.

IT IS FURTHER ORDERED that potential plaintiffs may opt-in as plaintiffs in this action not more than ninety days after notice is given.

Signed at Lafayette, Louisiana, this 17th day of May 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE