# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ARTEMIO ALVAREZ BARRON,** **et al., and others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | CIVIL ACTION No. 6:21-cv-03741 |
| **v.** | ) ) | JUDGE ROBERT T. SUMMERHAYS |
| **STERLING SUGARS SALES** **CORPORATION,** | ) ) ) | MAGISTRATE JUDGE DAVID J. AYO |
| **Defendant.** | ) ) ) | |

## DECLARATION OF NICOLE BUCHERI

I, Nicole Bucheri, declare as follows based on personal knowledge:

1.      My name is Nicole Bucheri, and I am over 21 years of age and am fully competent to testify to the facts set forth herein in this Declaration.

2.      I am one of Plaintiffs' attorneys in this lawsuit.

3.      True and correct copies of the following exhibits are attached to Plaintiffs' Statement of Undisputed Material Facts, Exhibit 1 to Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment, filed on June 30, 2023.

4.      All documents that bear a Bates stamp beginning with "SSSC" were produced to Plaintiffs by Defendant Sterling Sugars Sales Corporation and have been provided to the court as they were received from the Defendant's counsel, except where redactions of sensitive information were made.

1

5.      All documents that bear a Bates stamp beginning with "P" were produced by Plaintiffs to Defendants and have been provided to the court as they were produced to Defendants, except where redactions of sensitive information were made.

6.      Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit A are true and correct copies of excerpts from the transcripts of the Fed. R. Civ. P. 30(b)(6) Deposition of Randall Romero, taken February 8 and 9, 2023.

7.      Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit B is a true and correct copy of excerpts from the transcript of the Fed. R. Civ. P. 30(b)(6) Deposition of Tim Soileau, taken February 9, 2023.

8.      Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit C is a true and correct copy of excerpts from the transcript of the Fed. R. Civ. P. 30(b)(6) Deposition of Desiree Lange, taken February 10, 2023.

9.      Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit D is a true and correct copy of excerpts from the transcript of the Deposition of Rivers Patout, taken February 10, 2023.

10.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit E is a true and correct copy of excerpts from the transcript of the Fed. R. Civ. P. 30(b)(6) Deposition of Great Labor, LLC, through its representative John Dees, taken February 13, 2023.

11.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit F is a true and correct copy of excerpts from the transcript of the Deposition of Melchor Maya, taken February 14, 2023.

12.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit G is a true and correct copy of excerpts from Defendant's Responses to Plaintiffs' First Set of Interrogatories, served by Defendant on Plaintiffs on April 14, 2022.

13.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit H is a true and correct copy of excerpts from Defendant's Second Supplemental Responses to Plaintiffs' First Set of Interrogatories, served by Defendant on Plaintiffs on June 17, 2022.

14.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit I are true and correct copies of excerpts from Defendant's Responses to Plaintiffs' First and Second Sets of Requests for Admissions, served by Defendant on Plaintiffs on November 8, 2022, and May 8, 2023, respectively.

15.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit AA are true and correct copies of excerpts from Plaintiffs' Answers to Defendant's First Sets of Interrogatories to Plaintiffs Artemio Alvarez Barrón, Carlos Ernesto Pereyra Vidaña, Miguel Martinez Villalobos, Jesus Lamberto Ramirez Lopez, Carlos Alfredo Ramirez Fernandez, Daniel Valenzuela Chavez, Alfredo Valdez Rodriguez, Jesus Ivan Ramirez Fernandez, Arnulfo Villegas Miranda, Julio Santiago Villegas Sifuentes, Jesus Pedro Zazueta Ochoa, Pedro Abel Jimenez Gonzalez, Felipe de Jesus Suarez Palafox, and Jesus Alfredo Parra Martinez, served by Plaintiffs on Defendant on June 16, 2022, and on June 24, 2022 in the case of Plaintiff Pedro Abel Jimenez Gonzalez.

16.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit BB are true and correct copies of search results from www.fledatacenter.com of the U.S Bureau of Labor Statistics Occupational and Employment Wage Statistics ("OEWS") wage rates applicable

3

to the stated Standard Occupational Classification codes for the applicable time periods covering Plaintiffs' employment by Defendant in St. Mary Parish, Louisiana.

17.    Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibits CC–GG are true and correct copies of the U.S. Department of Labor ETA Form 9142A (H-2A Application for Temporary Employment Certification) and ETA Form 790 "Clearance Order" and for the 2018, 2019, 2020, and 2021 seasons submitted by Defendant in connection to the employment of H-2A workers, and produced during the discovery process in this case.

18.    Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit HH are true and correct copies of the Plaintiffs' H-2A work visas showing the dates of validity for employment by Defendant.

19.    Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit II are true and correct copies of "Field Worker Lists" produced by Defendant to Plaintiffs as Bates Nos. SSSC004309-4311 during the discovery process in this case.

20.    Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit JJ are true and correct copies of "Worksite Releases," showing contract agreements between Defendant and independent farm locations, produced by Defendant to Plaintiffs during the discovery process in this case.

21.    Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit KK are true and correct copies of excerpts from the "Dispatch Lists" produced by Defendant to Plaintiffs during the discovery process in this case.

22.    Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit LL are true and correct copies of excerpts from the Check and Payroll Register and Time Card Reports

4

produced by Defendant to Plaintiffs during the discovery process in this case. Plaintiffs have attached a sample for one Plaintiff, Pedro Abel Jimenez Gonzalez.

23.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit MM are true and correct copies of excerpts from Defendant's Responses to Plaintiffs' First Set of Request for Production of Documents, served by Defendant on Plaintiffs on April 11, 2022.

24.     Attached to Plaintiffs' Statement of Undisputed Material Facts as Exhibit NN are true and correct copies of Bates Nos. P00388-389, produced by Plaintiffs to Defendant in this case.

25.     I assisted the preparation of the Damages Table (Exhibit 4 to Plaintiffs' Memorandum in Support of Partial Summary Judgment) summarizing Plaintiffs' damages in this case. After Cynthia Farias, a paralegal employed by Plaintiffs' counsel, Texas RioGrande Legal Aid, completed inputting the information from Defendant's Payroll Registers and Time Card Reports into Damages Table, see Farias Declaration (Exhibit 12 to Plaintiffs' Memorandum in Support), I took the following steps to complete the calculations of wages owed to Plaintiffs:

a.     The text in Column F and G is red during workweeks that the PDF Time Card Reports were used to reconcile overlapping payroll register workweeks, or where no PDF timecard was produced, or where the PDF Time Card and Payroll Registers did not match (see Paragraphs 6(h-j) of Farias Declaration, Ex. 12).

b.     In Column I, I calculated the number of overtime hours worked by subtracting 40 from the total hours worked in a workweek, Column G. If no overtime was worked, I entered "0" in Column I.

c.     In Column J, I entered the H-2A AEWR hourly wage rate according to the time periods below:

5

i.      $10.73: from January 4, 2018 to January 8, 2019
ii.     $11.33: from January 9, 2019 to January 1, 2020
iii.    $11.83: from January 2, 2020 to February 22, 2021
iv.    $11.88: February 23, 2021 to December 28, 2021
v.     $12.45: December 29, 2021 to December 31, 2022.

d.     In Column K, I entered the applicable OEWS prevailing wage rate in St.

Mary's Parish according to the dates and categories below:

i.      Heavy Truck Drivers (SOC Code 53-3032)

1.      July 1, 2018 to June 30, 2019: $20.42
2.      July 1, 2019 to June 30, 2020: 2019: $19.52
3.      July 1, 2020 to June 30, 2021: 2020: $20.33
4.      July 1, 2021 to June 30, 2022: 2021: $19.76

ii.     Light Truck Drivers (SOC Code 53-3033)

1.      July 1, 2018 to June 30, 2019:  $18.26
2.      July 1, 2019 to June 30, 2020: $15.15
3.      July 1, 2020 to June 30, 2021: $14.47
4.      July 1, 2021 to June 30, 2022: $15.54

iii.    Mechanics (SOC Code 49-3031)

1.      July 1, 2020 to June 30, 2021: $19.46
2.      July 1, 2021 to June 30, 2022: $19.62

e.     The wage rate for Heavy Truck Drivers was entered for all workweeks, except during workweeks that Plaintiffs performed the job duties of Light Truck Drivers or Mechanics. These wage rates are based on the Plaintiffs' Declarations, Docs. 35-8 through 35-21 and Exhibits J–Z, and Plaintiffs' Interrogatory Answers identified in Paragraph 15 above at Exhibit AA. *See also* Facts 133–138 of Plaintiffs' Statement of Undisputed Material Facts. The wage rate is in red text in those workweeks in which Plaintiffs credited job duties of a Light Truck Driver for only a short period of time, based on the only available evidence at this time.

6

   f.  In Column L, the gross earnings owed in each pay period if the Plaintiffs were paid the OEWS prevailing wage and overtime for hours worked over 40 in a workweek were calculated by multiplying the total hours worked by the OEWS prevailing wage, and the hours worked over 40 in a workweek by half of the OEWS prevailing wage.

   g.  In Column M, the amount of unpaid wages owed at the OEWS prevailing wage and with overtime paid for hours worked over 40 in a workweek was calculated by subtracting the gross earnings owed in Column L from the gross earnings Defendant already paid in Column E.

   h.  The formulas used in Excel to calculate the totals are shown in the Damages Table (Exhibit 4 to Plaintiffs' Memorandum in Support).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ⟨0/30/2025.

Nicole Bucheri

7