# EXHIBIT 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

|  |  |  |
|---|---|---|
| **ARTEMIO ALVAREZ BARRON,** et al., **and others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | CIVIL ACTION No. 6:21-cv-03741 |
| **v.** | ) ) | JUDGE ROBERT T. SUMMERHAYS |
| **STERLING SUGARS SALES CORPORATION,** | ) ) ) | MAGISTRATE JUDGE DAVID J. AYO |
| **Defendant.** | ) ) | |

**DECLARATION OF CYNTHIA FARIAS**

I, Cynthia Farias, declare as follows based on personal knowledge:

1.     My name is Cynthia Farias, and I am over 21 years of age and am fully competent to testify to the facts set forth herein in this Declaration.

2.     I am a paralegal employed at the offices of Plaintiffs' counsel, Texas RioGrande Legal Aid, Inc (TRLA). I have been employed as a legal secretary or paralegal at TRLA since 2017.  Prior to joining TRLA, I had more than 14 years of experience as a legal assistant or office manager in legal offices.

3.     As a paralegal, among other things, I am responsible for reviewing documents produced in litigation, including reviewing payroll-related documents for purposes of calculating damages in wage cases.

4.     I have reviewed the Payroll Registers, Check Registers, and Time Card Reports produced by Defendant to Plaintiffs in this case, including Bates Nos. SSSC 003766-004308,

1

(PDF time card reports), SSSC 2-003703 (nonsequential Exhibit 14 to the February 10, 2023 deposition of Desiree Lange, containing Check and Payroll Registers); and SSSC 002043-2045, SSSC 2227-2326, 2334-2351, SSSC 3732-3748 (generated Excel Time Card Reports), for the 31 Plaintiffs in this case.

5.    Defendant's Payroll Registers contain the gross pay and hours worked for each Plaintiff's biweekly pay period, among other information. Defendant's Time Card Reports contain the daily hours worked by each Plaintiff.

6.    To separate Defendant's bi-weekly pay period into individual workweeks, I did the following, to create the spreadsheets attached as the "Damages Table" (Exhibit 4) to Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment.

 a.   For Columns A, B, and C, I input the pay period start date, pay period end date, and pay date from Defendant's Payroll Registers for each Plaintiff.

 b.   For Column D, I input the Payroll Register hours worked in the "Reg" category (for the bi-weekly pay period).

 c.   For Column E, I input the Gross Pay from the "Reg" column of the Payroll Registers.

 d.   For Column F, I divided the bi-weekly pay period dates into individual FLSA workweeks.

 e.   In Column G, I input the total hours worked per individual workweek from the corresponding daily hours worked contained in the Excel format Time Card Reports produced by Defendant.

 f.   In Column H, I added together the total hours worked in the bi-weekly pay period (i.e. from each of the two FLSA workweeks in the pay period) from Column G.

2

g. The hours worked from Defendant's bi-weekly Payroll Register and the sum of the two weekly Time Card Reports for that pay period should match. If the amounts in Column D (Payroll Register total hours worked for the bi-weekly pay period) and Column H (sum total hours worked in Excel Time Card Reports for corresponding individual workweeks) did not match, I reviewed the PDF format Time Card Reports. I added together the total hours worked in each workweek from the Time Card Reports, and entered this number in Column G, which also updated the total hours worked in Column H.

h. In some instances, the Payroll Registers had overlapping pay periods. When this happened, I reviewed the PDF Time Card Reports, and determined the correct workweek dates by matching the hours worked in the Payroll Registers. I then corrected the workweek dates in Column F.

i. In some instances, Defendant did not produce PDF Time Card Reports for the corresponding Payroll Register. When this happened, I entered the hours worked from the Payroll Register in Column G, which also updated Column H.

j. In a small minority of workweeks, the hours worked in the Payroll Registers and PDF Time Card Reports did not match. When this happened, I added hours to Column G so that the total hours in Column H would match the Payroll Register hours.

7.    I did not otherwise alter or analyze the pay or hours information provided by Defendant in its Payroll Registers, Check Registers, and Time Card Reports. For the Damages Table, I entered the data contained in Defendant's Payroll Registers and Time Card Reports into the spreadsheet format, so that the voluminous payroll data that had been produced by Defendant

3

in PDF format would be accessible in Excel format, for purposes of eventually calculating overtime wages owed from the raw data.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 6/30/2023 .

Cynthia Farias