UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ARTEMIO ALVAREZ BARRON**, *et al.*, **and others similarly situated,** | CIVIL ACTION No. 6:21-cv-03741 |
| **Plaintiffs,** | JUDGE ROBERT T. SUMMERHAYS |
| *v.* | MAGISTRATE JUDGE DAVID J. AYO |
| **STERLING SUGARS SALES CORPORATION,** | |
| **Defendant**. | |

**PLAINTIFFS' STATEMENT REGARDING MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED**

From Plaintiffs' perspective, all material facts are proved in support of Plaintiffs' motion for summary judgment, Docs. 103 and 103-2, and no genuine disputes of material fact remain in this case. Even so, Defendant made sixteen assertions of fact in support of Defendant's motion for summary judgment. Doc. 116-2. Below, in compliance with Local Rule 56.2, Plaintiffs set forth their grounds for disputing Defendant's 16 assertions, or admit them for purposes of this motion. Plaintiffs dispute many of Defendant's assertions as inconsistent with the record, unsupported by the record, immaterial, or inaccurate legal conclusions. For the following reasons, Defendant has not met its summary judgment burden of proving that its sixteen alleged facts present a genuine issue to be tried.

1.      Defendant's Fact 1 asserts that Defendant is an "agricultural" employer, but the record shows that Defendant is not a farmer, that it is a farm labor contractor, and that the work

performed by Plaintiffs was not agricultural. *See* Doc. 103-2, Pls. Facts 15–21, 24–26, 41, 63, 130–138; Doc. 103-1 at 3–13.

2.    Plaintiffs admit Fact 2 for purposes of this motion.

3.    Plaintiffs admit Fact 3 for purposes of this motion.

4.    Plaintiffs admit Fact 4 for purposes of this motion.

5.    Defendant's Fact 5 is a half-truth. The wage rates listed by Defendant in its H-2A applications and clearance orders were the AEWR rates in Louisiana for each year, which is a wage rate used in the H-2A program that applies to *agricultural* work. *See* Doc. 103-1 at 18–32. Thus, it is the rate that was guaranteed and would have applied to any agricultural work performed by Plaintiffs. *See id.* Defendant's Fact 5 fails to disclose that the contract also promised to pay "the highest of the AEWR, the prevailing hourly wage or piece rate, the agreed-upon collective bargaining wage, or the Federal or State minimum wage." *See* Doc. 103-2, Pls. Fact 148.

6.    Plaintiffs admit Fact 6 for purposes of this motion.

7.    Plaintiffs largely admit Fact 7, in that Defendant submitted three H-2A applications and clearance orders between 2019-2021 that listed the job title as "Agricultural Equipment Operator" and that the job description described the duties to be harvesting sugarcane, including operation of cane harvester to cut and remove leaves from crop; loading pieces of sugarcane into wagons; loading/unloading sugarcane; haul sugarcane; repairing, maintaining farm equipment, continued maintenance of farmland and farm equipment. Doc. 103-2, Pls. Fact 44. However, Defendant leaves out that it filed an additional H-2A application and clearance order for the period from June 15, 2021 to January 31, 2022 for six workers to perform the job duties including "diagnose, adjust, repair, wash, maintain, and/or overhaul farm and

hauling equipment/machinery used for sugarcane season." Doc. 103-2, Pls. Fact 50. Defendant also neglects to mention its 2018 H-2A application and clearance order, which contained a different job description, and for which Defendant has already admitted that none of its H-2A workforce performed any agricultural work in 2018. *Id.* at Pls. Facts 29–30, 42–43.

8.      Defendant's Fact 8 is a half-truth. The wage rates listed by Defendant in its H-2A applications and clearance orders were the AEWR rates in Louisiana for each year, which is a wage rate used in the H-2A program that applies to *agricultural* work. *See* Doc. 103-1 at 18–32. Thus, it is the rate that was guaranteed and would have applied to any agricultural work performed by Plaintiffs. *See id.* Defendant's Fact 8 fails to disclose that the contract also promised to pay "the highest of the AEWR, the prevailing hourly wage or piece rate, the agreed-upon collective bargaining wage, or the Federal or State minimum wage." *See* Doc. 103-2, Pls. Fact 148.

9.      Defendant's "Fact" 9 is a legal conclusion. Defendant paid Plaintiffs the AEWR rate for each year they were employed by Defendant. *See* Doc. 103-2, Fact 103. However, the minimum rate of pay promised by the H-2A employment contract was "the highest of the AEWR, the prevailing hourly wage or piece rate, the agreed-upon collective bargaining wage, or the Federal or State minimum wage." *See* Doc. 103-2, Fact 148. Thus, Defendant's assertion that "Sterling paid Plaintiffs the rates of pay promised to them in the job clearance orders," is not true, because the promise was not merely to pay the AEWR, which is a wage rate applicable to agricultural work, but to pay the minimum wage rate applicable to the type of work performed by Plaintiffs, which was not agricultural. *See* Doc. 103-1 at 18–32.

10.      As to Defendant's Fact 10, Plaintiffs admit that they accepted the minimum terms of employment guaranteed to all H-2A workers, as set forth in Defendant's H-2A applications

and clearance orders, by obtaining visas corresponding to Defendant's H-2A labor certification, traveling to Defendant's work site, and performing labor for Defendant. *See* Doc. 103-2 Pls. Facts 61, 63, 65–95, 130–133, 136, 141. Plaintiffs dispute that they "worked for Sterling in the jobs authorized by their H-2A visas," depending on the intended meaning of that phrase. Plaintiffs admit that they were lawfully admitted with H-2A visas and that the labor they performed for Defendant was the result of an H-2A labor certification obtained by Defendant. *Id*. However, Plaintiffs dispute that Defendant's job description accurately or completely discloses the nature of the work they actually performed. *See id*. Pls. Facts 43–44, 133–138.

11.     No factual record exists as to whether "[e]ach of the Plaintiffs . . . certified that they would be performing agricultural work" as part of the H-2A process. Doc. 116-2, Def. Fact 11. Defendant cites only one Plaintiff's testimony, out of 31, for this "fact" that purports to apply to all 31 Plaintiffs. Plaintiff Avila Soto answered, "No. No. I only drove a truck," to a question about whether he was "engaged in field work at the end of the 2018 harvest." Doc. 116-4, Avila Soto Dep. at 140:23–141:1. The record does not establish that he or any other Plaintiff understood what type of work qualifies as "agriculture" under the law or the H-2A visa program, nor what he or any other Plaintiff did or did not "certify" as part of the H-2A process.

12.     Defendant cites no evidence in the record in support of its Fact 12.

13.     Defendant's "Fact" 13 is a statement of law and is immaterial to the private claims asserted by Plaintiffs in this case.

14.     Defendant has not cited any record evidence in support of its Fact 14, claiming that Defendant's clearance orders "have not been revoked by the United States Department of Labor." Doc. 116-2.

15.    Defendant's Fact 15 is immaterial, oversimplifies the H-2A process, and fails to cite any factual record or legal authority. That DOL implemented a new wage rate methodology in 2023 for certain job classifications, including for Agricultural Equipment Operators, does not impact the outcome of this case, as explained in Plaintiffs' Response herewith. Defendant's Fact 15 omits an important detail, which is that DOL's former classification of *agricultural* jobs that "combined harvesting and hauling" into the Agricultural Equipment Operator classification applied to combined tasks that properly qualified as "agricultural labor or services" under the H-2A program, and was never intended to apply to the non-agricultural work performed by Plaintiffs.

16.    Defendant's Fact 16 is unsupported and oversimplifies the Final Rule. Defendant has provided no record evidence that "DOL consistently classified the type of labor Plaintiffs performed for Sterling under the "Agricultural Equipment Operator" Standard Occupational Classification code." Doc. 116-2, Def. Fact 16; *but see* 103-1 at 13 (collecting USDOL ALJ decisions finding that drivers employed by entities other than the operator of a farm are not performing agricultural services within the Internal Revenue Code when they transport a commodity from the field to a storage or packing facility). DOL's former classification of *agricultural* jobs that "combined harvesting and hauling" into the Agricultural Equipment Operator classification applied to combined tasks that qualified as "agricultural labor or services" under the H-2A program, and was never intended to apply to the non-agricultural work performed by Plaintiffs.

Respectfully submitted,

*/s/ Caitlin Berberich*
Caitlin Berberich, TN Bar No. 025780
*Trial Attorney
Admitted Pro Hac Vice*

SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Telephone: (615) 538-0725
Facsimile: (615) 366-3349
cberberich@trla.org

 */s/ Nicole Bucheri*
Nicole Bucheri, TX Bar No. 24095388
*Admitted Pro Hac Vice*
TEXAS RIOGRANDE LEGAL AID, INC.
316 S. Closner Blvd.
Edinburg, TX 78539
Telephone: (956) 982-5552
Facsimile: (956) 591-8752
nbucheri@trla.org

*/s/ Daniel Davis*
Daniel Davis, LA No. 30141
*Admitted to Practice in W.D. La.*
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Ste. A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
dan@estesdavislaw.com

ATTORNEYS FOR PLAINTIFFS