UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ARTEMIO ALVAREZ BARRON, ET AL., AND OTHERS SIMILARLY SITUATED, | * * * | CIVIL ACTION NO. 6:21-CV-03741 |
| | * | JUDGE: |
| PLAINTIFFS | * | ROBERT R. SUMMERHAYS |
| | * | |
| VERSUS | * | MAGISTRATE JUDGE: |
| | * | DAVID J. AYO |
| STERLING SUGARS SALES | * | |
| CORPORATION | * | |
| | * | |
| DEFENDANT. | * | |

DEFENDANT STERLING SUGARS SALES CORPORATION'S
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Sterling Sugars Sales Corporation ("Sterling" or "Defendant"), by and through

their counsel of record, and for the Court's consideration, submit the following proposed findings

of fact and conclusions of law:

PROPOSED FINDINGS OF FACT

1.      Sterling is an agricultural employer that obtained temporary labor certification for

H-2A labor from 2018 through 2022.

2.      Plaintiffs were employed by Sterling as H-2A guest laborers between 2018 and

2022.  ECF No. 66, at ¶ 1.

3.      The parties entered job clearance orders in 2019, 2020, and 2021, which constituted

"valid employment contract[s] containing all material terms of Plaintiffs' employment for

Defendant."  *See* ECF No. 66, at ¶ 177.

1

PD.44454264.1

4.  According to the contracts, Plaintiffs were to be paid a rate of $11.33 per hour in 2019, $11.83 per hour in 2020, and $11.88 per hour in 2021.  *Id.* at ¶¶ 28-30.  Plaintiffs do not dispute receiving those rates of pay.

5.  For each year that Plaintiffs were employed with Defendant, the Department of Labor, Wage and Hour Division, approved Defendant's applications for temporary labor certification to allow Plaintiffs to work for Sterling as "Agricultural Equipment Operators."  ECF Nos. 116-5, 116-6, and 116-7.

6.  The job clearance orders explained Plaintiffs would work under the "Agricultural Equipment Operator" job classification and that they would perform duties that included operating a cane harvester to cut and remove leaves from the crop, loading pieces of sugarcane into wagons, loading and unloading sugarcane, hauling sugarcane, repairing and maintaining farm equipment, and maintaining farm land.

7.  The job clearance orders provided that Plaintiffs were to be paid a rate of $11.33 per hour in 2019, $11.83 per hour in 2020, and $11.88 per hour in 2021.  ECF No. 66, at ¶¶ 28-30.

8.  Defendant paid Plaintiffs the rates of pay promised to them in the job clearance orders throughout Plaintiffs' employment with Sterling.  ECF No. 66, at ¶¶ 28-30.

9.  The Department of Labor determined and certified the wages paid to Plaintiffs during their employment with Sterling.  *See* ECF Nos. 116-5, 116-6, and 116-7.

10.  Plaintiffs accepted and performed the terms and conditions in the job clearance orders each year they worked for Sterling.  ECF No. 66, at ¶ 178.

11.  Each of the Plaintiffs applied for H-2A visas to enter the United States to work for Defendant in agricultural occupations, and Plaintiffs maintain that they worked in occupations authorized by their H-2A visas.  *Id.*

PD.44454264.1

12.     None of the Plaintiffs applied for or obtained H-2B visas to enter the United States to work for Sterling during the time periods at issue.

13.     The job clearance orders that the Department of Labor issued to Defendant have not been revoked pursuant to 20 C.F.R. § 655.181.

14.     The job clearance orders that the Department of Labor issued to Defendant disclosed that Plaintiffs would be required to haul sugarcane.

15.     At the time that Plaintiffs were employed with Defendant, the Department of Labor classified jobs that involved combined harvesting and hauling duties under the "Agricultural Equipment Operator" Standard Occupational Classification code (SOC 45-2091).

16.     Before the Department of Labor enacted the Final Rule,[1] changing the methodology by which Adverse Effect Wage Rates payable to employees with combined harvesting and hauling duties are calculated, the Department of Labor consistently classified the type of labor Plaintiffs performed for Defendant under the "Agricultural Equipment Operator" Standard Occupational Classification code.

17.     Defendant acted in good faith and did not violate the Fair Labor Standards Act.

## PROPOSED CONCLUSIONS OF LAW

1.     Plaintiffs' breach of contract claims fail as a matter of law because Plaintiffs accepted and performed the terms of the job clearance orders at issue.  ECF No. 66, at ¶ 178.

2.     The Final Rule, codified at 20 C.F.R. § 655.120(b) and enacted March 30, 2023, applies prospectively.

---

[1] Adverse Effect Wage Rate Methodology for the Temporary Employment of H–2A Nonimmigrants in Non-Range Occupations in the United States, Final Rule, 88 Fed. Reg. 12,760 (Feb. 28, 2023).

3.      Pursuant to 29 C.F.R. § 778.107, overtime must be calculated based on the "regular rate" of pay.  29 C.F.R. § 778.107.  Plaintiffs' "regular rate" of pay is expressed in the job clearance orders at issue.

4.      The job duties described in the job clearance orders at issue qualify for the Fair Labor Standards Act "agricultural exemption."

5.      Pursuant to 29 C.F.R. § 778.108, an employee's "'regular rate' of pay under the [FLSA] cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee."  29 C.F.R. § 778.108; *see also Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945) ("Once the parties have decided upon the amount of wages and the amount and the mode of payment the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the wage contracts.").

6.      Plaintiffs' regular hourly rate of pay must be determined by dividing their "total renumeration for employment  (except statutory exclusions) in any workweek by the total number of hours actually worked by [Plaintiffs] in that workweek for which such compensation was paid." 29 C.F.R. § 778.109 (providing that "overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek[…]").  The FLSA does not permit Plaintiffs to recover a different rate of pay than the rate expressed in the job clearance orders.  *See* 29 C.F.R. § 778.108.

7.      Defendant complied with the Labor Certification Process for Temporary Agricultural Employment in the United States.

4

8.      Plaintiffs' unjust enrichment claims fail as a matter of law because "valid employment contract(s)" existed between and were performed by the parties, and the contract(s) "contain[ed] all material terms of Plaintiffs' employment for Defendant." ECF No. 66, at ¶ 177; *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 408 (La. 1993).

9.      20 C.F.R. § 655.181 governs the procedure for revoking a job clearance order when an employer is accused of obtaining temporary agricultural certification by means of "fraud or misrepresentation" in the application process.

10.     The doctrine of unclean hands applies and bars Plaintiffs' unjust enrichment claims. *See* La. C.C. art. 2033 ("[A] party who knew or should have known at the time of contracting of a defect that made the contract absolutely null may not avail himself of the nullity when the purpose of the illegal contract has been accomplished.").

11.     Plaintiffs' claims under the Louisiana Wage Payment Act fail as a matter of law because a *bona fide* dispute existed regarding the applicable rate of pay for the work Plaintiffs performed for Sterling.  *Kaplon v. Rimkus Consulting Grp., Inc., of La.*, 39 So. 3d 725, 733 (La. Ct. App. 4th Cir. 2010); La. R.S. 23:632 B;  *Martco Partnership v. Frazier*, 01–72, 787 So.2d 1196 (La. App. 3d Cir. June 6, 2001).

12.     The Secretary of Labor determined and certified wage rates for Plaintiffs' employment according to methodologies applicable during the time periods at issue.

13.     Plaintiffs' FLSA claims are subject to the applicable two-year statute of limitations. 29 U.S.C. § 255.

14.     Plaintiffs are precluded from recovering post-joinder wages allegedly due and owing.

5

PD.44454264.1