UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

|  |  |
|---|---|
| **ARTEMIO ALVAREZ BARRON,** et al.,<br>and others similarly situated,<br><br>　　**Plaintiffs,**<br><br>***v.***<br><br>**STERLING SUGARS SALES<br>CORPORATION,**<br><br>　　**Defendant**. | CIVIL ACTION No. 6:21-cv-03741<br><br>JUDGE ROBERT T. SUMMERHAYS<br><br>MAGISTRATE JUDGE DAVID J AYO |

**PLAINTIFFS' PROPOSED STIPULATIONS**

Pursuant to the Court's pretrial order, Plaintiffs attach their proposed stipulations.

1.  This Court has jurisdiction over the parties.

2.  This Court has jurisdiction of the subject matter of this action.

3.  Defendant Sterling Sugars Sales Corporation is a Louisiana corporation headquartered in Franklin, St. Mary Parish, Louisiana. Sterling Sugars Sales Corporation is 100% owned by Sterling Sugars, LLC.

4.  Sterling Sugars, LLC operates a sugar mill in Franklin, St. Mary Parish, Louisiana.

5.  Between 2018 and January 2022, inclusive, Defendant Sterling Sugars Sales Corporation entered into contracting agreements with independent sugarcane growers and provided labor to "haul" the sugarcane that had been planted, cultivated, or harvested by those independent growers to the sugar mill operated by Sterling Sugars, LLC. Defendant Sterling Sugars Sales Corporation "hauled" this sugarcane in tractor-trailers or trucks with a gross vehicle weight of greater than 26,001 pounds.

6.  Defendant Sterling Sugars Sales Corporation provided services to transport sugarcane because it is a perishable crop. The value of sugarcane declines if it is not promptly delivered to the mill after harvesting because of a gradual diminishing of the sugar content in the harvested sugarcane. Ideally, sugarcane should be processed in the sugar mill within 24 hours of being harvested.

7. Defendant Sterling Sugars Sales Corporation did not plant, grow, cultivate, or own any of the sugarcane that its employees transported from the sugarcane fields to the Sterling Sugars, LLC sugar mill at any time between 2018 and 2022, inclusive. Although it did not have an ownership interest in any of the farms with which it contracted or in the sugarcane being harvested until it was delivered at the Sterling Sugars, LLC mill, Sterling Sugars, LLC owned and leased certain of the parcels of land upon which some of the farms grew their sugarcane.

8. During the years involved in this litigation, Defendant Sterling Sugars Sales Corporation operated during the grinding or milling season, when harvested sugarcane is transported from sugarcane fields in southern Louisiana to the Sterling Sugars, LLC mill for processing.

9. During the years involved in this litigation, Defendant Sterling Sugars Sales Corporation did not obtain an ownership interest in the sugarcane its employees transported until it arrived at the Sterling Sugars, LLC mill. Prior to Sterling Sugars, LLC taking possession of the sugarcane when it arrived at the mill, risk of loss or title to cane remained with the farmer who planted and cultivated the sugarcane.

10. Sterling Sugars Sales Corporation employees transported harvested sugarcane from the fields to the Sterling Sugars, LLC mill in heavy trucks owned or leased by Sterling Sugars Sales Corporation. Each of these trucks had a gross weight of greater than 26,001 pounds.

11. From 2018 through 2022, Defendant Sterling Sugars Sales Corporation ordinarily operated from the start of the sugarcane harvest and milling seasons in late September through the second week of January.

12. From 2018 through January, 2022, Sterling Sugars Sales Corporation was registered as a farm labor contractor within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1802(7).

13. From September, 2018 through January, 2022, Sterling Sugars Sales Corporation was an H-2A labor contractor within the meaning of 20 C.F.R. § 655.103(b).

14. Defendant Sterling Sugars Sales Corporation applied to the United States Department of Labor for certification to employ up to 75 H-2A workers from September 1, 2018 through January 30, 2019. This temporary labor certification application identified Sterling Sugars Sales Corporation as an H-2A labor contractor. This temporary labor certification sought workers to "repair/maintain/continued maintenance of hauling equipment; haul/load/unload sugarcane." The United States Department of Labor ultimately approved this application and certified the need for up to 75 H-2A workers.

15. Plaintiffs Carlos Ernesto Pereyra Vidaña, Miguel Martinez Villalobos, Carlos Alfredo Ramirez Fernandez, Felipe de Jesus Suarez Palafox, Pedro Abel Jimenez Gonzalez, Jesus Ivan Ramirez Fernandez, Jesus Pedro Zazueta Ochoa, Francisco Javier Chaires Mendoza, Israel Diaz Meza, Javier Avila Soto, Jesus Antonio Rodriguez Penuelas, Oscar Rene Velez Sandoval, Oscar Javier Ruiz Pacheco, and Pedro Daniel Romero Ruelas were issued H-2A

visas and were subsequently employed by Sterling Sugars Sales Corporation to fulfill the manpower needs described in Sterling Sugars' temporary labor certification application that requested 75 workers for employment from September 1, 2018 through January 30, 2019. This H-2A application, along with the job order on Form ETA 790 that it included, served as the work contract for these Plaintiffs during those periods they were employed by Sterling Sugars between September 1, 2018 and January 30, 2019, inclusive. For work performed for Sterling Sugars Sales Corporation between September 1, 2018 and January 8, 2019, these Plaintiffs were compensated at a rate of $10.73 per hour. For work performed for Sterling Sugars Sales Corporation from January 9 through 30, 2019, these Plaintiffs were compensated at a rate of $11.33 per hour. These Plaintiffs were paid the specified rates for all of their work for Sterling Sugars Sales Corporation between September 1, 2018 and January 30, 2019, and did not receive any additional premium or overtime pay for hours worked in excess of 40 in any workweek.

16. Defendant Sterling Sugars Sales Corporation applied to the United States Department of Labor for certification to employ up to 169 H-2A workers from September 15, 2019 through January 30, 2020. This temporary labor certification application identified Sterling Sugars Sales Corporation as an H-2A labor contractor. This temporary labor certification sought workers to perform job duties of "harvesting sugarcane, including operation of cane harvester to cut and remove leaves from crop; loading pieces of sugarcane into wagons; loading/unloading sugarcane; haul sugarcane; repairing, maintaining farm equipment, continued maintenance of farmland and farm equipment." The United States Department of Labor ultimately approved this application and certified the need for up to 169 H-2A workers.

17. Plaintiffs Carlos Ernesto Pereyra Vidaña, Miguel Martinez Villalobos, Daniel Valenzuela Chavez, Julio Santiago Villegas Sifuentes, Pedro Abel Jimenez Gonzalez, Arnulfo Villegas Miranda, Felipe de Jesus Meza Dimas, Francisco Javier Chaires Mendoza, Hector Martinez Arellano, Hibys Alberto Vega Guerrero, Javier Avila Soto, Israel Diaz Meza, Jesus Antonio Rodriguez Penuelas, Jesus Ignacio Diaz Castro, Jesus Adulfo Lopez Osuna, Oscar Javier Ruiz Pacheco, Pedro Daniel Romero Ruelas, and Fabian Flores Garcia were issued H-2A visas and were subsequently employed by Sterling Sugars Sales Corporation to fulfill the manpower needs described in Sterling Sugars' temporary labor certification application that requested 169 workers for employment from September 15, 2019 through January 30, 2020. This H-2A application, along with the job order on Form ETA 790 that it included, served as the work contract for these Plaintiffs during those periods they were employed by Sterling Sugars between September 15, 2019 and January 30, 2020, inclusive. For work performed for Sterling Sugars Sales Corporation between September 15, 2019 and January 1, 2020, these Plaintiffs were compensated at a rate of $11.33 per hour.  For work performed for Sterling Sugars Sales Corporation from January 2 through 30, 2020, these Plaintiffs were compensated at a rate of $11.83 per hour. These Plaintiffs were paid the specified rates for all of their work for Sterling Sugars Sales Corporation between September 15, 2019 and January 30, 2020, and did not receive any additional premium or overtime pay for hours worked in excess of 40 in any workweek.

18. Defendant Sterling Sugars Sales Corporation applied to the United States Department of Labor for certification to employ up to 200 H-2A workers from August 20, 2020 through January 31, 2021. This temporary labor certification application identified Sterling Sugars Sales Corporation as an H-2A labor contractor. This temporary labor certification sought workers to perform job duties of "harvesting sugarcane, including operation of cane harvester to cut and remove leaves from crop; loading pieces of sugarcane into wagons; loading/unloading sugarcane; haul sugarcane; repairing, maintaining farm equipment, continued maintenance of farmland and farm equipment." The United States Department of Labor ultimately approved this application and certified the need for up to 200 H-2A workers.

19. Plaintiffs Artemio Alvarez Barrón, Carlos Ernesto Pereyra Vidaña, Miguel Martinez Villalobos, Jesus Lamberto Ramirez Lopez, Daniel Valenzuela Chavez, Carlos Alfredo Ramirez Fernandez, Alfredo Valdez Rodriguez, Felipe de Jesus Suarez Palafox, Julio Santiago Villegas Sifuentes, Pedro Abel Jimenez Gonzalez, Jesus Ivan Ramirez Fernandez, Arnulfo Villegas Miranda, Jesus Alfredo Parra Martinez, Israel Diaz Meza, Jesus Antonio Rodriguez Penuelas, Ricardo Guadalupe Arce Ruiz, Valentin Valenzuela Flores, Oscar Javier Ruiz Pacheco, Fabian Flores Garcia, Pedro Daniel Romero Ruelas, Julian Cristobal Francisco Mendez, and Juan Alejo Hernandez Canela were issued H-2A visas and were subsequently employed by Sterling Sugars Sales Corporation to fulfill the manpower needs described in Sterling Sugars' temporary labor certification application that requested 200 workers for employment from August 20, 2020 through January 31, 2021.  This H-2A application, along with the job order on Form ETA 790 that it included, served as the work contract for these Plaintiffs during those periods they were employed by Sterling Sugars between August 20, 2020 and January 31, 2021, inclusive. For work performed for Sterling Sugars Sales Corporation between August 20, 2020 and January 31, 2021, these Plaintiffs were compensated at a rate of $11.83 per hour. These Plaintiffs were paid the specified rate for all of their work for Sterling Sugars Sales Corporation between August 20, 2020 and January 31, 2021, and did not receive any additional premium or overtime pay for hours worked in excess of 40 in any workweek.

20. Defendant Sterling Sugars Sales Corporation applied to the United States Department of Labor for certification to employ up to 203 H-2A workers from August 20, 2021 through January 31, 2022.  This temporary labor certification application identified Sterling Sugars Sales Corporation as an H-2A labor contractor. This temporary labor certification sought workers to perform job duties of "harvesting sugarcane, including operation of cane harvester to cut and remove leaves from crop; loading pieces of sugarcane into wagons; loading/unloading sugarcane; haul sugarcane; repairing, maintaining farm equipment, continued maintenance of farmland and farm equipment." The United States Department of Labor ultimately approved this application and certified the need for up to 203 H-2A workers.

21. Plaintiffs Miguel Martinez Villalobos, Alfredo Valdez Rodriguez, Felipe de Jesus Suarez Palafox, Pedro Abel Jimenez Gonzalez, Jesus Ivan Ramirez Fernandez, Arnulfo Villegas Miranda, Hector Martinez Arellano, Israel Diaz Meza, Ricardo Guadalupe Arce Ruiz, Oscar Javier Ruiz Pacheco, Julian Cristobal Francisco Mendez, and Juan Alejo Hernandez Canela

were issued H-2A visas and were subsequently employed by Sterling Sugars Sales Corporation to fulfill the manpower needs described in Sterling Sugars' temporary labor certification application that requested 203 workers for employment from August 20, 2021 through January 31, 2022.  This H-2A application, along with the job order on Form ETA 790 that it included, served as the work contract for these Plaintiffs during those periods they were employed by Sterling Sugars between August 20, 2021 and January 31, 2022, inclusive. For work performed for Sterling Sugars Sales Corporation between August 20 and December 28, 2021, these Plaintiffs were compensated at a rate of $11.88 per hour.  For work performed for Sterling Sugars Sales Corporation from December 29, 2021 through January 31, 2022, these Plaintiffs were compensated at a rate of $12.45 per hour. These Plaintiffs were paid the specified rates for all of their work for Sterling Sugars Sales Corporation between August 20, 2021 and January 31, 2022, and did not receive any additional premium or overtime pay for hours worked in excess of 40 in any workweek.

22. As required by 20 C.F.R. § 655.132(a), each of the H-2A applications submitted by or on behalf of Defendant Sterling Sugars Sales Corporation in paragraphs 14 through 21 included a list of the fixed-site agricultural businesses to which Sterling Sugars Sales Corporation expected to provide H-2A workers obtained through the temporary labor certification.

23. Defendant Sterling Sugars Sales Corporation applied to the United States Department of Labor for certification to employ up to six H-2A workers from June 15, 2021 to January 31, 2022. This temporary labor certification sought workers to "diagnose, adjust, repair, wash, maintain, and/or overhaul farm and hauling equipment/machinery used for sugarcane season." The United States Department of Labor ultimately approved this application and certified the need for up to six H-2A workers.

24. Plaintiffs Jesus Antonio Rodriguez Penuelas and Pedro Daniel Romero Ruelas were issued H-2A visas and were subsequently employed by Sterling Sugars Sales Corporation to fulfill the manpower needs described in Sterling Sugars' temporary labor certification application that requested six workers for employment from June 15, 2021 through January 31, 2022. This H-2A application, along with the job order on Form ETA 790 that it included, served as the work contract for these Plaintiffs during those periods they were employed by Sterling Sugars between June 15, 2021 and January 31, 2022, inclusive. For work performed for Sterling Sugars Sales Corporation between June 15, 2021 and December 28, 2021, these Plaintiffs were compensated at a rate of $11.88 per hour.  For work performed for Sterling Sugars Sales Corporation from December 29, 2021 through January 31, 2022, these Plaintiffs were compensated at a rate of $12.45 per hour. These Plaintiffs were paid the specified rates for all of their work for Sterling Sugars Sales Corporation between June 15, 2021 and January 31, 2022, and did not receive any additional premium or overtime pay for hours worked in excess of 40 in any workweek.

25. The mechanic shop where Plaintiffs Jesus Antonio Rodriguez Penuelas and Pedro Daniel Romero Ruelas were employed is located at the Sterling Sugars, LLC sugar mill facility.

26. As required by 20 C.F.R. §§ 655.120 and 655.122(l), each of the job orders included as part of the H-2A applications submitted by or on behalf of Sterling Sugars Sales Corporation

contained a promise that workers would be paid at least the adverse effect wage rate in effect at the time the job order is placed, the prevailing hourly or piece rate, the agreed-upon collective bargaining rate (CBA), or the Federal or State minimum wage, whichever is highest, for every hour or portion thereof worked during a pay period.

27. The employment of the Plaintiffs by Sterling Sugars Sales Corporation from 2018 through 2022 was subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

28. During the periods of time from 2018 through 2022 while Plaintiffs were employed in the United States performing work for Defendant pursuant to the H-2A applications submitted by or on behalf of Sterling Sugars Sale Corporation, Sterling Sugars Sale Corporation was Plaintiffs' employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendant employed Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(g). Plaintiffs were employees of Defendant as defined by the FLSA. Defendant was engaged in commerce within the meaning of the FLSA, 29 U.S.C. 203(s)(1)(A), at all times relevant to this lawsuit.

29. The Occupational Employment and Wage Statistics ("OEWS") wage rate applicable to H-2B workers driving a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds Gross Vehicle Weight (SOC code 53-3032) in St. Mary Parish, Louisiana for the period from July 2018 to June 2019 was $20.42 per hour.

30. The Occupational Employment and Wage Statistics ("OEWS") wage rate applicable to H-2B workers driving a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds Gross Vehicle Weight (SOC code 53-3032) in St. Mary Parish, Louisiana for the period from July 2019 to June 2020 was $19.52 per hour.

31. The Occupational Employment and Wage Statistics ("OEWS") wage rate applicable to H-2B workers driving a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds Gross Vehicle Weight (SOC code 53-3032) in St. Mary Parish, Louisiana for the period from July 2020 to June 2021 was $20.33 per hour.

32. The Occupational Employment and Wage Statistics ("OEWS") wage rate applicable to H-2B workers driving a tractor-trailer combination or a truck with a capacity of at least 26,001 pounds Gross Vehicle Weight (SOC code 53-3032) in St. Mary Parish, Louisiana for the period from July 2021 to June 2022 was $19.76 per hour.

33. The Occupational Employment and Wage Statistics ("OEWS") wage rate applicable to H-2B workers driving a truck or van with a capacity of less than 26,001 pounds Gross Vehicle Weight (SOC code 53-3033) in St. Mary Parish, Louisiana for the period from July 2018 to June 2019 was $18.26 per hour.

34. The Occupational Employment and Wage Statistics ("OEWS") wage rate applicable to H-2B workers driving a truck or van with a capacity of less than 26,001 pounds Gross Vehicle Weight (SOC code 53-3033) in St. Mary Parish, Louisiana for the period from July 2019 to June 2020 was $15.15 per hour.

35. The OEWS wage rate applicable to H-2B workers driving a truck or van with a capacity of less than 26,001 pounds Gross Vehicle Weight (SOC code 53-3033) in St. Mary Parish, Louisiana for the period from July 2020 to June 2021 was $14.47 per hour.

36. The OEWS wage rate applicable to H-2B workers driving a truck or van with a capacity of less than 26,001 pounds Gross Vehicle Weight (SOC code 53-3033) in St. Mary Parish, Louisiana (SOC 53-3033) in St. Mary Parish, Louisiana for the period from July 2021 to June 2022 was $15.54 per hour.

37. The OEWS wage rate applicable to H-2B workers employed as bus and truck mechanics (SOC code 49-3031) in St. Mary Parish, Louisiana for the period from July 2020 to June 2021 was $19.46 per hour.

38. The OEWS wage rate applicable to H-2B workers employed as bus and truck mechanics (SOC code 49-3031) in St. Mary Parish, Louisiana for the period from July 2021 to June 2022 was $19.62 per hour.

39. Defendant's workweek began on Wednesday and ended on Tuesday.

40. The data contained in Doc. 103-5, pages 5 through 68, accurately and correctly reflect the pay period start date, pay period end date, payroll register date, payroll register hours worked, payroll register gross earnings, FLSA workweek period, and weekly hours worked per TimeCard Reports (Columns A through G respectively in the spreadsheets), from Defendant's payroll records, including voluminous Payroll Registers and Time Card Reports.

41. The Payroll Registers and Time Card Reports produced by Defendant are true and authentic copies of the genuine original documents.

42. The Payroll Registers and Time Card Reports produced by Defendant qualify for the "records of regularly conducted activity" exception to the hearsay rule under Federal Rule of Evidence 803(6).

43. The copies of Defendant's ETA Forms 9142A and accompanying Forms ETA 790 produced in this case, including those shown at Docs. 103-42 through 103-46, are true and authentic copies of the genuine original documents.

44. Defendant Sterling Sugars Sales Corporation gave Plaintiffs their daily truck route assignments, assigning the locations from which they transported sugarcane, through dispatch lists and instructions communicated by radio.

45. Plaintiffs exclusively transported sugarcane for Defendant Sterling Sugars Sales Corporation within the state of Louisiana.

46. Each Plaintiff possessed a Mexican "Licencia Federal" and the jobs performed by Plaintiffs for Defendant transporting sugarcane on public roads from farms to the Sterling Sugars sugar

mill required Plaintiffs to have driver's licenses that authorized them to drive commercial heavy trucks.

47. Prior to 2018, Defendant paid overtime to its workers employed to perform the same job tasks as Plaintiffs, including for transporting sugarcane from independent farms to the Sterling Sugars sugar mill, shuttling sugarcane around the sugar mill facility, and maintenance work performed in the mechanic shop.

48. During their employment by Defendant, Plaintiffs Artemio Alvarez Barron, Carlos Pereya Vidana, Miguel Martinez Villalobos, Jesus Lamberto Ramirez Lopez, Carlos Alfredo Ramirez Fernandez, Daniel Valenzuela Chavez, Alfredo Valdez Rodriguez, Felipe de Jesus Suarez Palafox, Julio Santiago Villegas Sifuentes, Pedro Abel Jimenez Gonzalez, Jesus Ivan Ramirez Fernandez, Jesus Pedro Zazueta Ochoa, Arnulfo Villegas Miranda, Jesus Alfredo Parra Martinez, Felipe De Jesus Meza Dimas, Francisco Javier Chaires Mendoza, Hector Martinez Arellano, Hibys Alberto Vega Guerrero, Israel Diaz Meza, Javier Avila Soto, Jesus Antonio Rodriguez Peñuelas, Jesus Ignacio Diaz Castro, Oscar Rene Velez Sandoval, Ricardo Guadalupe Arce Ruiz, Valentin Valenzuela Flores, Jesus Adulfo Lopez Osuna, Oscar Javier Ruiz Pacheco, Pedro Daniel Romero Ruelas, Fabian Flores Garcia, Julian Cristobal Francisco Mendez, and Juan Alejo Hernandez Canela drove heavy trucks from the Sterling Sugars, LLC mill to independent farm worksites, waited for the sugarcane to be loaded onto their trucks, and then transported the sugarcane back to Sterling Sugar, LLC's sugar mill in Franklin, Louisiana, or operated vehicles moving sugarcane within the Sterling Sugars mill area. Plaintiff Jesus A. Parra Martinez was employed to operate a truck transporting or shuttling sugarcane within the Sterling Sugars mill area, but did not transport sugarcane from farms to the mill. Although they primarily transported sugarcane from farms back to the Sterling Sugars mill, Plaintiffs Hector Martinez Arellano, Javier Avila Soto, Jesus Ignacio Diaz Castro, Oscar Rene Velez Sandoval, Fabian Flores Garcia, Arnulfo Villegas Miranda, Artemio Alvarez Barron, Daniel Valenzuela Chavez, Jesus I. Ramirez Fernandez, Jesus Pedro Zazueta Ochoa, Julio Santiago Villegas Sifuentes, and Miguel Martinez Villalobos were sometimes assigned to operate vehicles within the mill area, shuttling sugarcane within the premises of the mill, for short periods of time. Plaintiffs Pedro Daniel Romero Ruelas and Jesus Antonio Rodriguez Penuelas worked for Defendant as mechanics, repairing and maintaining equipment in the 2021 season only, but otherwise were employed to transport sugarcane from farms to the Sterling Sugars mill in the other seasons they were employed by Defendant.

Respectfully submitted,

/s/ Caitlin Berberich
Caitlin Berberich, TN Bar No. 025780
*Trial Attorney
Admitted Pro Hac Vice
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217

Telephone: (615) 538-0725
Facsimile: (615) 366-3349
cberberich@trla.org


 */s/ Nicole Bucheri*
Nicole Bucheri, TX Bar No. 24095388
*Admitted Pro Hac Vice*
TEXAS RIOGRANDE LEGAL AID, INC.
316 S. Closner Blvd.
Edinburg, Texas 78539
Telephone: (956) 982-5552
Facsimile: (956) 591-8752
nbucheri@trla.org


*/s/ Daniel Davis*
Daniel Davis, LA No. 30141
*Admitted to Practice in W.D. La.*
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
dan@estesdavislaw.com


ATTORNEYS FOR PLAINTIFFS