**Defendant's Proposed Stipulations**

After Plaintiffs proposed stipulations, Defendant's counsel met with Plaintiffs' counsel and discussed each stipulation in detail via teleconference in accordance with the Court's order.  The result of that conference was that Defendant agreed to certain issues, disagreed with others, and indicated that it would propose countervailing stipulations.  Plaintiffs received Defendant's proposals and are considering accordingly.

1.  The parties entered job clearance orders in 2019, 2020, and 2021.  Plaintiffs do not dispute that "the temporary employment certification applications and accompanying clearance orders constituted a valid employment contract containing all material terms of Plaintiffs' employment for Defendant." *See* ECF No. 66, at ¶ 177.

2.  According to the job clearance orders, Plaintiffs were to be paid a rate of $11.33 per hour in 2019, $11.83 per hour in 2020, and $11.88 per hour in 2021.  *See* ECF Nos. 116-5, 116-6, and 116-7; ECF No. 66 at ¶¶ 28-30.

3.  Plaintiffs do not dispute receiving the rates of pay expressed in the 2019, 2020, and 2021 job clearance orders.

4.  The job clearance orders explained that Plaintiffs would work under the job title "Agricultural Equipment Operator."  ECF Nos. 116-5, 116-6, and 116-7.

5.  Sterling disclosed the hauling duties associated with Plaintiffs' employment with Sterling, as shown on the face of the job clearance orders.  ECF Nos. 116-5, 116-6, and 116-7.

6.  The Department of Labor approved Sterling's applications for temporary labor certification each year Plaintiffs worked for Sterling, and the job clearance orders bearing the hauling duties have not been revoked by the United States Department of Labor.  *See* 20 C.F.R. § 655.181 (outlining procedure for revoking job clearance orders).

7.  "Plaintiffs accepted the terms of their contract by traveling to the United States and working for Defendant in the jobs authorized by their H-2A visas."  ECF No. 66, at ¶ 178.

8.  Sterling disclosed in the job clearance orders that Plaintiffs would engage in harvesting sugarcane, including operation of cane harvester to cut and remove leaves from crop; loading pieces of sugarcane into wagons; loading/unloading sugarcane; haul sugarcane; repairing, maintaining farm equipment, continued maintenance of farmland and farm equipment.  *Id.*

9.  As a matter of law, the United States Department of Labor determines the job classification that applies to Temporary Employment Certification. 20 CFR § 655.1292.  *See* ECF Nos. 116-5, 116-6, and 116-7.

10. The United States Department of Labor's Final Rule changing the methodology for calculating the adverse effect wage rate took effect on March 30, 2023. 20 C.F.R. § 655.120(b).

11. Before March 30, 2023, the United States Department of Labor determined that the job duties described in the job clearance orders at issue here should be classified under the "Agricultural Equipment Operator" classification.  *See* ECF Nos. 116-5, 116-6, and 116-7.