UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ARTEMIO ALVAREZ BARRON ET AL**      CASE NO.  6:21-CV-03741

**VERSUS**      JUDGE ROBERT R. SUMMERHAYS

**STERLING SUGARS SALES CORP**      MAGISTRATE JUDGE DAVID J. AYO

MEMORANDUM RULING

Before this Court is a MOTION TO COMPEL (Rec. Doc. 59) filed by Plaintiffs requesting responses to multiple discovery requests and supplementation of multiple discovery responses.  Defendant Sterling Sugars Sales Corporation filed an opposition (Rec. Docs. 73, 74) to which plaintiffs replied (Rec. Doc. 78).  For the reasons below, the motion is DENIED IN PART and DENIED AS MOOT IN PART .

**Factual and Procedural Background**

Plaintiffs are 31 migrant workers from Mexico employed by Sterling under federal H-2A temporary agricultural worker visas during the sugarcane seasons between 2018 and 2021.  Plaintiffs contend that Sterling obtained the H-2A visas by falsely representing that Plaintiffs would be employed as agricultural workers; however, they were allegedly employed solely as heavy truck drivers, resulting in Sterling's payment to Plaintiffs at a wage rate below the prevailing wage for truck drivers.  They further allege that they were never paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and Louisiana law.  Plaintiffs seek declaratory and injunctive relief, money damages, interest, and attorney's fees.

1

In the instant motion, Plaintiffs seek responses from Sterling to various discovery requests or supplementation of responses, which can be broken down into four general categories:

- Information regarding other workers to whom Sterling paid overtime prior to 2018 (Interrogatory No. 5; Requests for Production Nos. 3, 7, 9, 18, 19, 28);

- Documents showing Sterling's ownership of properties where Plaintiffs worked (Request for Production No. 9; Requests for Admission Nos. 82-84);

- Information regarding the 17 opt-in Plaintiffs (supplement responses to Requests for Production Nos. 1, 5, 6, 9, 14, 17; Request for Production No. 3); and

- "Properly admit or deny" requests for admissions regarding the type of work performed by Plaintiffs (Requests for Admission Nos. 5-32, 88, 92, 93, 95).

Each category is addressed in turn below.

## Analysis

### I.   Applicable Standards

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). "For a motion to compel, '[t]he

2

moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple, Inc.*, 2016 WL 4265758 at *1 (E.D. Tex.). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id*.

## II. Information regarding other workers to whom Sterling paid overtime prior to 2018

Plaintiffs seek records relating to Sterling's payment of overtime to former employees for the same work allegedly performed by Plaintiffs, *i.e.*, driving trucks and working as mechanics. According to Plaintiffs, such evidence would be relevant to Sterling's assertion of the good faith defense and Plaintiff's allegation that Sterling's failure to pay overtime was willful. Sterling does not dispute that it paid overtime prior to its participation in the H-2A program beginning in 2018. In addition to Sterling's records and policies, Plaintiffs wanted Sterling to identify its pre-2018 workers:

> Plaintiffs also need access to the names and contact information for these pre-2018 workers to test Defendant's assertion that it acted in good faith at all times. Perhaps these pre-2018 workers could offer a different narrative regarding Defendant's statements or behaviors regarding overtime law and whether the work they did was agricultural.

(Rec. Doc. 78 at 6).

One of the main issues to be tried in this case is whether Plaintiffs engaged in agricultural work. If they did not, the questions become whether Sterling acted in good faith with reasonable grounds for believing that it acted in compliance with applicable laws and whether Sterling's violations were willful. Evidence that pre-2018, non-visa workers who were paid overtime had engaged in non-agricultural work similar to the work performed by Plaintiffs is not relevant to Plaintiffs' claims. Nor would such evidence be probative to Sterling's good faith defense. There is no dispute that Sterling paid overtime prior to 2018 to its workers, including those who drove trucks when *none of them were H-2A workers*, no dispute that Sterling did not participate in the H-2A program prior to 2018, and no evidence that any of the Plaintiffs had worked for Sterling prior to 2018. It is safe to assume that Sterling believed prior to 2018 that it had to pay overtime. Records pertaining to policies, procedures, and identities of workers prior to 2018 would only operate to establish a fact not in dispute. As to Interrogatory No. 5 and Requests for Production Nos. 3, 7, 9, 18, 19, and 28, the motion is DENIED.

### III. Documents showing Sterling's ownership of properties where Plaintiffs worked

Plaintiffs inquired about Sterling's alleged ownership of properties where Plaintiffs worked and characterized Sterling's responses as contradictory. (Rec. Doc. 59-1 at 9). Sterling stated in opposition that its corporate representatives had clarified the ownership question in Sterling's corporate deposition and that Plaintiffs' counsel would withdraw their request as to Request for Production No. 9.

(Rec. Doc. 74 at 5). Plaintiffs acknowledged as much in their reply. (Rec. Doc. 78 at 1). Therefore, the motion is DENIED AS MOOT as to Request for Production No. 9.

### IV. Supplement responses regarding 17 opt-in Plaintiffs

Plaintiffs demand that Sterling supplement its responses relating to 17 opt-in plaintiffs. (Rec. Doc. 59-1 at 10-11). Sterling responded that it had provided personnel files for all 31 plaintiffs and that Plaintiffs' counsel had acknowledged as much. (Rec. Doc. 74 at 5). The body of Plaintiffs' reply does not address these matters save for a reference in the conclusion seeking such records. (Rec. Doc. 78 at 8). The Court notes that Plaintiffs had submitted to Judge Summerhays multiple spreadsheets showing their calculation of hours work by and compensation due to all 31 plaintiffs. *See, e.g.,* Rec. Doc. 103-5. Such calculations had to have been made with records for all 31 plaintiffs, which includes the 17 opt-in plaintiffs. To the extent the motion supplementation of the responses to the subject requests for production, it is DENIED AS MOOT.

### V. "Properly admit or deny" requests for admissions regarding the type of work performed by Plaintiffs

Plaintiffs finally contend that Sterling's responses to Requests for Admission Nos. 5-32, 88, 92, 93, and 95 were improperly denied. A total of 98 Requests for Admissions were propounded to Sterling. (Rec. Doc. 59-7). Requests for Admissions Nos. 5-18 are each directed to a particular plaintiff and state as follows: "Please admit that, in the course and scope of employment by Defendant, Plaintiff [] did not till the soil, dairy the production, or produce, cultivate, grow or harvest an agricultural or horticultural commodity." Rec. Doc. 59-7 at 3-8. For each such

5

request, Sterling responded as follows: "Denied. In the course and scope of employment by Defendant, Plaintiff [] may have engaged in harvesting or loading of sugarcane and/or sugarcane production." *Id*. Requests for Admission Nos. 19-32 are likewise each directed to a particular plaintiff and state as follows: "Please admit that, in the course and scope of employment by Defendant, Plaintiff [] did not engage in primary agriculture within the meaning of 29 C.F.R. § 780.105(b)." *Id*. at 8-15. For each such request, Sterling responded as follows:

> Sterling objects to this Request because it calls for a legal conclusion, which is not the proper subject of a request for admission, and which Sterling is not required to admit or deny. Subject to, and without waiving the foregoing objection, Request for Admission No. [] is denied. In the course and scope of employment by Defendant, Plaintiff [] may have engaged in harvesting or loading of sugarcane and/or sugarcane production.

*Id*.

Request for Admission No. 88 asked Sterling to admit or deny whether the plaintiffs listed therein had engaged in secondary agriculture within the meaning of 29 C.F.R. § 780.105(b). Rec. Doc. 59-7 at 20. Request for Admission No. 92 asked Sterling to admit or deny whether any of the listed plaintiffs had "operate[d] a cane harvester to cut and remove leaves from crop in the course and scope of their employment by Defendant." *Id*. at 21. Request for Admission No. 93 asked that Sterling admit or deny that the listed plaintiffs "did not load pieces of sugarcane into wagons in the course and scope of their employment by Defendant." *Id*. at 21. Finally, Request for Admission No. 95 asked Sterling to admit or deny that listed

plaintiffs "did not maintain farmland in the course and scope of their employment by Defendant." *Id*. at 22.

Except for the objection quoted above, Sterling denied the requests and stated that Plaintiffs "may have" engaged in those tasks. In its opposition, Sterling explained that its "may have" response was based on its "knowledge of the facts, reasonable inquiries, and review of the voluminous document production in the case." Rec. Doc. 74 at 10. While not a basis for denying a request for admission, Sterling also noted that the requested information could be obtained from Plaintiffs themselves as they would have had personal knowledge of their job duties. *Id*. at 10 n. 38.

The Court cannot conclude that that Sterling's "may have" responses to the subject requests for admissions were unreasonable under the circumstances. Rule 36(a)(4) requires that the answering party make a reasonable inquiry and state "that it has made reasonable inquiry and that the information it knows or can readily obtain is sufficient to enable it to admit or deny." "Reasonable inquiry" means an "inquiry of documents and persons readily available and within the responding party's control." *Dickie Brennan & Co., Inc. v. Lexington Ins. Co.*, 2010 WL 11538525 at *5 (E.D. La. Feb. 10, 2010) (citation omitted). The nature of the response suggests that the documents that Sterling maintained were not of sufficient detail to rule out the possibility—much less conclusively establish—that a particular plaintiff had or had not performed the inquired-upon tasks. Plaintiffs are correct that Sterling gave them their work assignments and suggest that

7

Sterling knew what jobs they performed (Rec. Doc. 59-1 at 110), but some plaintiffs may have engaged in agricultural tasks for which there was no documentation. Many of the Plaintiffs worked multiple harvest seasons for Sterling, and there is no dispute that sugarcane harvest seasons run multiple months and that Plaintiffs often worked significant numbers of hours. The motion as it pertains to these requests for admissions is DENIED.

## VI. Conclusion

For the reasons stated above, the MOTION TO COMPEL (Rec. Doc. 59) is DENIED IN PART and DENIED AS MOOT IN PART. Since the motion is not granted, Plaintiffs' request for attorneys' fees and expenses is DENIED. *See* Fed. R. Civ. P. 37(a)(5).

Signed in Chambers this 1st day of March, 2024.

_____
David J. Ayo
United States Magistrate Judge